[S. F. No. 2656.    Department One.—June 20, 1902.]

In the Matter of the Estate of JACOB Z. DAVIS, Deceased. LAURA E. TRACY, Appellant, v. ELIZABETH M. MUIR et al., Respondents.

CONTEST OF WILL—PETITION FOR REVOCATION OF PROBATE—LIMITATION— CONCLUSIVENESS OF PROBATE—FRAUD AGAINST NON-RESIDENT HEIR. —The contest of a will upon the petition of a non-resident heir for the revocation of its probate, filed more than one year after the will has been admitted to probate, is too late. The probate of the will has become conclusive by the lapse of that period as against such petition, notwithstanding fraud is alleged to have been practiced against such heir in securing the decree of probate, whatever may be the law, if a court of equity were invoked to relieve against such fraud.

ID.—EXCEPTIONS OF STATUTE NOT SUBJECT TO JUDICIAL ACTION.—The only exceptions in the statute relate to infants and persons of unsound mind; and the residence of the petitioner in a foreign jurisdiction and the procurement of the decree by fraud are not included therein as exceptions, and cannot by judicial action be inserted as such.

ID.—PROBATE OF WILL—PROCEEDING IN REM—CONSTRUCTIVE NOTICE— CONSTITUTIONAL LAW — DISCRIMINATION — PERSONAL NOTICE.—The proceeding for the probate of a will is essentially a statutory proceeding in rem; and the constructive notice provided for, by publication and posting, is notice thereof to the world; and, viewed in

the light of constitutional law, the provision for constructive notice is valid and effective, whatever invalidity may attach to a discrimination against non-resident heirs, and in favor of resident heirs, on the subject of personal notice.

ID.—PERIOD OF CONSTRUCTIVE NOTICE—PUBLIC POLICY—PROVISION FOR CONTEST—DUE PROCESS OF LAW.—The shortness of the period of constructive notice to non-resident heirs does not deprive them of due process of law, which is provided for by allowing a contest within one year after probate, with like effect as if the contest were had prior to probate. Public policy demands that the probate of wills should be speedy, and the rights of the heirs are not concluded by the decree of probate.

ID.—PLEADING—PROBATE AND EQUITY JURISDICTION—PETITION IN MATTER OF ESTATE—BILL IN EQUITY—TRUST.—The probate jurisdiction of the superior court is statutory, and distinct from its equity jurisdiction; and a petition to revoke the probate of a will, and contesting the same, entitled as such, in the matter of the estate, and to which the defendants were brought in by citation, and not by summons, and which was treated as a proceeding in the matter of the estate in the lower court, was addressed wholly to the probate jurisdiction of the superior court, and cannot be construed into a bill in equity to declare a trust under the decree of distribution.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

George W. Monteith, for Appellant, and for his own interest, as part successor of Appellant, in *pro. per.*

The only constitutional construction of the statute is, that the limitation, in case of fraud, begins to run when the fraud is discovered; otherwise, the property of those defrauded is unconstitutionally taken from them, in violation of the fourteenth amendment, without notice, hearing, or opportunity for hearing. (*Hovey* v. *Elliot,* 167 U. S. 413; *Chicago etc. R. R. Co.* v. *Chicago,* 166 U. S. 232; *Gulf, Colorado etc. Ry. Co.* v. *Ellis,* 165 U. S. 152; *Bailey* v. *Glover,* 21 Wall. 348-349, and cases cited; *Moore* v. *Greene,* 19 How. 72; *Scott* v. *McNeal,* 154 U. S. 46; *Hollingsworth* v. *Barbour,* 4 Pet. 466; *Galpin* v. *Page,* 18 Wall. 350; *Smyth* v. *Ames,* 169 U. S. 466; *Myers* v. *Shields,* 61 Fed. Rep. 750; *Stuart* v. *Palmer,* 74 N. Y. 185.[1]) Pending the final determination of an

[1] 30 Am. Rep. 289.

estate, the superior court has inherent jurisdiction to revoke every order which it has been induced to make by reason of fraud or deception. (Brown on Jurisdiction, sec. 128; *Page* v. *Page*, 77 Cal. 85.)

D. M. Delmas, for Appellant.

The pleading should be treated as a bill in equity to enforce a trust, by reason of the fraud extrinsic to the merits fully alleged and admitted by the demurrer. (*Sohler* v. *Sohler*, 135 Cal. 323.) The bribing of a jury is an extrinsic fraud. (*Platt* v. *Threadgill*, 80 Fed. Rep. 192; *Lawless* v. *Reese*, 3 Bibb, 486.) Liberality must be used in the construction of pleadings, in order to reach the true facts and just merits of the controversy. (*Rogers* v. *Duhart*, 97 Cal. 500; *Baines* v. *West Coast Lumber Co.*, 104 Cal. 1; *Ingraham* v. *Lyon*, 105 Cal. 254; *Seegelken* v. *Corey*, 93 Cal. 92.)

Campbell & Metson, and Campbell, Metson & Campbell, for Respondents.

The probate proceeding is barred by the statute. (Code Civ. Proc., secs. 1327, 1333.) The right of contest given by statute cannot be extended by reason of fraud or of any principle of equity jurisdiction. Nothing can be read into the statute which is not there. (*Bartlett* v. *Manor*, 146 Ind. 621; *Sinnet* v. *Bowman*, 151 Ill. 146, 153; *Evansville etc. Co.* v. *Winsor*, 148 Ind. 682; *Luther* v. *Luther*, 122 Ill. 558; *Wheeler* v. *Wheeler*, 134 Ill. 522; *Storrs* v. *Hospital*, 75 Ill. App. 152; *Peacock* v. *Churchill*, 38 Ill. App. 634; *Stowe* v. *Stowe*, 140 Mo. 594; *Cochran* v. *Young*, 104 Pa. St. 333.) The probate proceeding is statutory, and the probate jurisdiction does not include general equity powers. (*Smith* v. *Westerfield*, 88 Cal. 374, 378; *Toland* v. *Earl*, 129 Cal. 148; *Haverstick* v. *Trudel*, 51 Cal. 431; *Estate of Joseph*, 118 Cal. 660.) · The probate of a will is a proceeding *in rem*, by which the world is concluded when it becomes final. (*In re Maxwell*, 74 Cal. 384; *In re Griffith*, 84 Cal. 107, 113; *The William Hill Co.* v. *Lawler*, 116 Cal. 359; *Mulcahey* v. *Dow*, 131 Cal. 73; *Broderick's Will*, 21 Wall. 503; *State* v. *McGlynn*, 20 Cal. 233, 271.[1]) Ignorance of one's rights cannot prevent the bar

---

[1] 81 Am. Dec. 118.

of the statute. (*Abell* v. *Harris,* 11 Gill. & J. 367, 372; *Hoff-man* v. *Parry,* 23 Mo. App. 20, 27; *Jordan* v. *Jordan,* 4 Greenl. 175, 177.[1])

GAROUTTE, J.—Laura E. Tracy, claiming to be an heir of deceased, Jacob Z. Davis, inaugurated the present litigation, and is now appealing from an adverse judgment. Her alleged interests have been divided during the pendency of the litigation, and different attorneys represent these different interests. The attorney representing one interest contends that this proceeding is brought in the probate court to set aside the probate of a will, by reason of the wrongs and frauds in the petition alleged; and further claiming that the statute which bars his client from attempting to open up the decree and try the issues therein anew is in conflict with certain provisions of the constitution of the United States. Counsel representing other interests contend that this proceeding is not one brought in a court of probate, but that it is a proceeding in a court of equity, seeking to establish a trust, and charge the legatees under the will of Jacob Z. Davis as trustees of the estate for the benefit of petitioner. While the interests involved are in a sense largely common, still these claimants have planted themselves upon widely different propositions of law—propositions that must be considered upon different lines of investigation, and for that reason they will be taken up separately, as presented.

The court will view this appeal, first, as one involving a contest upon the probate of a will, or, more properly speaking, as the will has been probated, a proceeding to set aside the decree admitting the will to probate. The ground upon which the relief is sought is stated, generally, to be, that the will is a forgery, conceived and executed by the legatees thereunder and certain other conspirators; that it was probated upon perjured testimony; and that the jury which was impaneled to pass upon certain charges of forgery and conspiracy made by contestants other than Laura E. Tracy, at the time the will was offered for probate, was corrupted and thereby caused to render a verdict against contestants and in favor of the validity of the document. As suggested,

[1] 16 Am. Dec. 249.

this appellant, Laura E. Tracy, was not one of the contestants at that time, and this proceeding marks her first appearance in litigation arising in the administration of this estate. The appeal is before the court upon the sufficiency of the pleading, a demurrer having been sustained to the petition.

Let us look at the facts: .The petitioner and appellant, Laura E. Tracy, alleges that Davis died October 28, 1896. She alleges that she was living in a foreign country and had no notice of his death or the proceedings surrounding the probate of his will; that she did not know that he lived in San Francisco until after the 15th of September, 1899; that about said date she discovered that deceased was in truth and in fact a brother of her father; and that thereafter, and upon May 1, 1900, she became cognizant of the fraud practiced upon her in the forgery of the will and the securing of its probate. The will was admitted to probate August 17, 1898, and this petition to revoke was filed September 7, 1900.

Sections 1327 and 1333 respectively of the Code of Civil Procedure read: "1327. When a will has been admitted to probate, any person interested may, at any time within one year after such probate, contest the same or the validity of the will. For that purpose he must file in the court in which the will was proved, a petition in writing, containing his allegations against the validity of the will or against the sufficiency of the proof, and praying that the probate may be revoked." "1333. If no person, within one year after the probate of a will, contest the same or the validity thereof, the probate of the will is conclusive." What the law may be, if a court of equity were invoked to deal with fraud practiced in the securement of a decree probating a will, is a matter with which this court is not now concerned. For here the question arises as a matter in probate, pure and simple, and by the probate procedure laid down in the code the question must be solved. This petition having been filed more than one year after the decree of probate was made, it would seem that the law found in the sections of the code quoted barred the petitioner from securing the relief here sought. (*Estate of Sbarbaro,* 63 Cal. 5; *In re Maxwell,* 74 Cal. 384.) As the court understands the matter, one of the positions claimed is, that by reason of appellant's absence in a foreign jurisdiction at the time of the probate of the will, coupled with

the fact that fraud was practiced in the procurement of its probate, her ignorance of the facts constituting the fraud excused her from inaugurating the present proceeding within the time demanded by the statute quoted. It thus appears that appellant attempts to invoke principles of law applicable to cases in equity, where the period of limitation begins to run from the discovery of the fraud. But the statute quoted is as plain as language can make it, and it makes no exception of the kind here sought to be made. It excuses infants and persons of unsound mind, and that is all. This whole proceeding is essentially one of statute. No exceptions by reason of fraud are made, and the court cannot by judicial action insert an exception of that kind into the statute.

Sections 1303 and 1304 of the Code of Civil Procedure provide for a notice of the hearing on an application for the probate of a will. Section 1303 provides for notice by printing or posting, and the succeeding section provides: "Copies of the notice of the time appointed for the probate of the will must be addressed to the heirs of the testator resident in the state, at their places of residence, if known to the petitioner, and deposited in the post-office, with the postage thereon prepaid, at least ten days before the hearing. If their places of residence be not known, the copies of notice may be addressed to them, and deposited in the post-office at the county seat of the county where the proceedings are pending." It is now claimed that these provisions as to notice are violative of the fourteenth amendment of the constitution of the United States in this, that as to non-residents of the state ten days' notice of the hearing is too short a period of time, and therefore unreasonable, and the period of notice being unreasonably short, the heir is deprived of his property without due process of law. It is also claimed that the statute is violative of the Federal constitution in this, that it is discriminative, in requiring personal notice to known heirs, residents of the state, while as to non-resident heirs no personal notice is demanded. A proceeding relating to the probate of a will is essentially one *in rem*, and a statute providing for a constructive notice by publication or posting gives notice to the world. (*Crall* v. *Poso Irrigation Dist.*, 87 Cal. 147.) Viewing this matter in the light of constitutional law, it is not necessary that there should be a personal notice

served upon any one. And conceding that portion of the statute relating to personal service of notice discriminative against known heirs not residents of the state, and even further conceding, for present purposes alone, that such a discrimination renders the statute unconstitutional, as violative of the fourteenth amendment, still such concessions only affect the question of personal notice; and the law as to constructive notice still remains upon the statute-books entirely valid and effective, and by that notice this petitioner was notified of the hearing of the probate of the will in common with all other interested parties.

It is next asserted that the statute providing for constructive notice is unconstitutional in this, that the ten days herein provided is too short to serve as constructive notice to the world, and *that the period of time being so short,* therefore the statute is unreasonable and consequently void. As before suggested, the proceeding as to the probate of a will is essentially one *in rem,* and in the very nature of things the state is allowed a wide latitude in determining the character of the constructive notice to be given to the world in a proceeding where it has absolute possession of the *res.* It would be an exceptional case where a court would declare a statute void, as depriving a party of his property without due process of law, the proceeding being strictly *in rem,* and the *res* within the state, upon the ground that the constructive notice prescribed by the statute was unreasonably short. It would seem that very few cases of that kind could be found in the books. Certainly this is not one of them. Public policy demands that a will shall have a speedy probate, and the legislature, recognizing that fact, has given the heir, by express enactment, one year after that probate has been decreed within which time he may attack the will. His rights are in no way concluded by the decree of probate. He has an entire year thereafter in which to attack the will, and he may attack it upon the same grounds and for the same reasons that he could attack it prior to its probate. Even the measure of evidence demanded of him for a successful attack is no different in the two cases. It is thus apparent that in such a case as the one presented here, due process of law was in no degree denied Laura Tracy upon the hearing.

We turn to the contention of the parties upon this appeal

representing the remaining interests, and upon their contention the following question is presented for solution: May this proceeding be declared one in equity to establish a trust under the decree of distribution, in favor of Laura E. Tracy, in the property of the deceased Davis? Evidently this contention is presented in this court for the first time. Indeed, counsel making this contention declares, "There can be no question, I think, but that the pleading was filed by its author with the intention of treating it as a contest of a will." Now, the metamorphose sought to be made by counsel in the character of this pleading is very great. To change the proceeding to revoke the probate of a will, into a bill in equity to establish a trust in property under a decree of distribution, is a very wide departure from the relief originally contemplated. Even under the liberal rules of code pleading allowed in this state it would be an innovation almost startling to hold that such a change could take place. It may be said that at the present time in this state there is no probate court in the sense that the term has been used in the earlier volumes of the California reports. Under the fundamental law there is a probate jurisdiction vested in the superior court. It may be said that the probate court is gone, but that the probate jurisdiction remains. And that jurisdiction is now vested in the same court that exercises jurisdiction in cases of law and equity. Yet the probate jurisdiction of the superior court is different from its law and equity jurisdiction in this,—it is essentially a jurisdiction under the control of the state legislature. That law-making power may enlarge it or may restrict it. The character and extent of the jurisdiction is not only a matter under legislative control alone, but the procedure by which that jurisdiction may be invoked and rights thereunder adjudicated is expressly laid down by statute; and that procedure must be followed, or relief under that jurisdiction cannot be secured. While the superior court in this state exercises both equity and probate jurisdiction, still the procedure to be followed in seeking relief within those two jurisdictions is widely varied. And if the probate procedure laid down by the code is followed, then only relief under probate jurisdiction can be granted. In such a case general equity relief cannot be secured.

Here, as opposing counsel concedes, the pleading upon its

face is a contest to revoke the probate of a will. Every feature of the pleading so indicates. It was so christened by its framer. It was so treated by the trial court and by counsel in that court. Defendants came into court in answer to a citation, a process entirely unlike a summons. And thus it is apparent that the procedure followed was essentially a probate procedure, and thereby fixed the particular jurisdiction which the superior court was authorized to exercise. (*Toland* v. *Earl*, 129 Cal. 148.[1]) And, as said in *Haverstick* v. *Trudel*, 51 Cal. 431: "There are many proceedings which relate to the estates of deceased persons of which the probate court has no jurisdiction. . . . But among all of them there is none in which the necessity for resort to an action in the district court is more imperative than in the case of an alleged trust in real estate." By their appearance, defendants did not submit themselves to the jurisdiction of a court of equity, but alone to the jurisdiction of the superior court in a matter of probate. General jurisdiction over them could not be obtained in that way. For the foregoing reasons the court has arrived at the conclusion that this petition for the revocation of the probate of a will cannot be construed into a bill in equity to declare a trust.

*Sohler* v. *Sohler*, 135 Cal. 323, is the latest expression of this court bearing upon the power of equity to deal with a decree of distribution. There a resulting trust was declared, and the distributees under the decree were held to be trustees of the party wrongfully deprived of his estate. That case, upon its facts, is an exceptional one. (As dealing generally with this question, see *Mulcahy* v. *Dow*, 131 Cal. 73.) But the principle discussed in these cases is not one involved here, for, as already declared, this proceeding is one alone invoking the probate jurisdiction of the superior court.

For the foregoing reasons the order is affirmed.

Harrison, J., and Van Dyke, J., concurred.

---

[1] 79 Am. St. Rep. 100.