[S. F. No. 3974. In Bank.—November 12, 1904.]

## MARY FLOYD McADOO et al., Petitioners, v. M. S. SAYRE, Judge of Superior Court of Lake County, Respondent.

TRUST UNDER WILL—JURISDICTION—DETERMINATION OF RIGHTS—TERMINATION OF TRUST—POWER TO ORDER PROPERTY DELIVERED.—Independent of the necessity to determine who are interested as beneficiaries under a trust created by will, arising from a dispute over specific items of an account rendered by the trustees, or over the right to contest the same, the superior court having jurisdiction over the trust, under section 1699 of the Code of Civil Procedure, has general power, upon final settlement at the termination of the trust, to declare it terminated, and to dispose of the entire matter of the trust, by determining who is entitled to the property, and directing the trustees to turn it over to the person or persons entitled thereto.

ID.—NATURE OF JURISDICTION.—Jurisdiction for a certain purpose necessarily includes authority to do all things necessary to accomplish that purpose which can be done by the means afforded.

ID.—NATURE OF ACCOUNTING BY TRUSTEES—DISPOSITION OF TRUST PROPERTY.—Trustees who have the possession of trust property, under the terms of the instrument creating the trust, are chargeable in their accounts with the whole of the estate committed to them, and they have not fully accounted until the entire estate is finally disposed of, and they will remain subject to be called to account until this is done and the trust is fully executed and the trustees are entitled to their discharge.

ID.—DUTY OF COURT.—The court has the power, under section 1699 of the Code of Civil Procedure, and it is its duty wherever the power is invoked, to ascertain who is entitled to the trust estate already delivered by the trustees, and also that which yet remains to be delivered, and to make such orders as may be necessary to enable the trustees to make final settlement with the beneficiary in safety and secure a final settlement of his account which will entitle him to a discharge.

ID.—PROHIBITION—REMEDY BY APPEAL.—The writ of prohibition will not lie to prevent action by the court, on the ground that the trustees had failed to comply with the provision of law requiring them to name the beneficiaries in their report, nor on the ground of anticipation of error by the court in ordering the property delivered to one who claims under the will of a deceased beneficiary before the time for contest of the will has expired, there being a sufficient remedy by appeal in each case.

APPLICATION for Writ of Prohibition to the Judge of the Superior Court of Lake County. M. S. Sayre, Judge.

The facts are stated in the opinion of the court.

Maguire, Lindsay & Wyckoff, and Houx & Barrett, for Petitioners.

Bishop, Wheeler & Hoefler, Charles S. Wheeler, and John F. Davis, for Respondent.

SHAW, J.—This is an application for a writ of prohibition to prevent the defendant as judge of the superior court of Lake County from making an order declaring the trust terminated and directing certain testamentary trustees to pay over, convey, and deliver the trust property to the beneficiaries.

The facts are substantially as follows: Upon the final settlement of the estate of Cora Lyons Floyd a large amount of property was distributed to certain trustees in trust to hold the same during the lifetime of the daughter of deceased, to maintain and support the daughter during her life out of the income, and upon her death to pay over and deliver the same to the descendants of the daughter, or, if there were no descendants, to such person as the daughter should by will appoint, or, failing such appointment, to the petitioners herein. The daughter died on February 11, 1904, leaving no descendants. A document purporting to be her last will, whereby she bequeathed and devised all her estate to her husband, Milos Mitrov Gopcevic, was admitted to probate in the superior court of San Francisco County on March 9, 1904. In April, 1904, the trustees filed an account and report of the trust in the superior court of Lake County, entitled "In the Matter of the Estate of Cora Lyons Floyd, deceased," in which, in addition to a statement of their account and an inventory of the trust property, they alleged the marriage of the daughter to Gopcevic on October 6, 1903, her subsequent residence in San Francisco, her death there without issue, and that she left a will which had been admitted to probate. The account, due notice having been given in the mean time, came on for hearing on May 13, 1904. On that day the executors of the will of the daughter and Gopcevic, the surviving husband, filed an answer to the account and report of the trustees. The answer states the bequest and devise by the daughter to Gopcevic, her husband, alleges that by virtue

thereof all the property of the trust vested in said Gopcevic (Civ. Code, sec. 1330), and asks an order declaring the trust at an end and directing the trustees to pay over, convey, and deliver the property to him.

The cause thus presented was submitted to the court, and the respondent, as judge of said superior court, was about to determine the matters involved in the account and declare the balance due, and was considering whether or not the court had jurisdiction in that proceeding to determine who was entitled to the property and to order the trustees to pay over, convey, and deliver the trust property to the person or persons entitled thereto. The purpose of the proceeding in this court is to prevent the lower court from proceeding to do anything more than to settle and declare the balance due on the account.

There is thus presented the question whether or not section 1699 of the Code of Civil Procedure confers upon the superior court, in the settlement of a trustee's account in the proceeding there established for that purpose, jurisdiction to ascertain and determine who are the persons entitled to the trust property, and, upon the final account, to direct the trustee to deliver the property to such persons in settlement of the trust, or to approve and confirm such delivery if already made by the trustee. The respondent contends that the court may in that proceeding do all these things. The petitioners claim that the power of the court is exhausted when it has adjusted all disputes as to the correctness of any items of the account and has allowed compensation and expenses to the trustee and declared the balance due.

Upon a consideration of the questions usually involved in the settlement of the accounts of trustees of any class of trusts, it is apparent that the court having jurisdiction of the matter of such settlement, even if its functions be limited to the mere ascertainment of a balance, must frequently be called on to determine who is entitled to the property. One who has no interest in the trust has no standing in court to assail the account presented by the trustees, nor to move the court to require an account of them. The section in question gives the right to apply for an order on the trustees for an account, exclusively to the beneficiary or his guardian. Even if this provision were omitted, such right would still be lim-

ited to those having some interest in the trust or in the trust property. The trustee, then, has the right, when an account presented by him is attacked by objections at the hearing, or when he is cited to appear and render an account, to make the preliminary objection that the person who thus invokes the action of the court with respect to the trust has himself no interest in the property, and hence cannot be heard to make his objection or demand an accounting. This objection of the trustee may be disputed, and thereupon the court must determine whether or not such party is the beneficiary, or is interested in the trust. So, also, there may be, as in this case, two or more parties each claiming to be beneficiaries. In such a case the trustee may be justly entitled to credits if one of these parties is the real beneficiary, which he could not have if the other was the party interested. The account cannot be settled without a determination of the question as to which party is entitled. Considered as a mere matter of power, therefore, the court must have the authority in such a proceeding, whenever the necessity properly arises, to determine who are the persons entitled as beneficiaries.

But the precise question here involved is whether or not, independent of any necessity arising from a dispute over specific items of the account, or over the right to contest the same, the court has a general power, upon final settlement at the termination of the trust, to dispose of the entire matter of the trust by determining who, by the terms of the trust, is entitled to the property, and directing the trustees to turn over the same to such person. The decision of this question depends on the effect to be given to the language of section 1699 of the Code of Civil Procedure. That section declares that: "Where any trust has been created by or under any will to continue after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction thereof for the purpose of the settlement of accounts under the trusts." It also provides that such testamentary trustee may during the continuance of the trust, or at its termination, "render and pray for the settlement of his accounts as such trustee, before the superior court in which the will was probated, and in the manner provided for the settlement of the accounts of executors and administrators." Further provision is made for notice to be given

of the hearing, and for citation to compel the trustee to account, but these provisions are not important to the present question.

Jurisdiction for a certain purpose necessarily includes authority to do all things necessary to accomplish that purpose, which can be done by the means afforded. Every trustee who, by the terms of the instrument creating the trust, has possession or control of the trust property is chargeable in his accounts with the whole of the estate thus committed to his hands. Aside from his allowances for compensation and expenses, he cannot in his account obtain credit against this charge, except as he may dispose of the trust property to a beneficiary in the lawful execution of the trust, in which case he is entitled to credit thereon for the property so disposed of, and when he has thus disposed of it all his account then stands balanced, and then only has he fully accounted and become entitled to his discharge. He may, if he chooses, exercise his own judgment as to the beneficiary, and, upon the termination of the trust, deliver the property to such person before presenting his accounts for settlement, or he may present his account for compensation and expenses and obtain settlement to that extent before proceeding to make settlement with the beneficiary, and then present for settlement a supplementary account for the balance. But in either case he has not fully accounted until he has thus disposed of the entire estate, and he will remain subject to be called on to account until this is done and until the court having jurisdiction of the accounts has, upon a hearing, declared the account correct and the trust fully executed. The object of the section under consideration was to provide a convenient and effectual method of procedure by which to secure a judicial determination, binding on all persons interested, that the estate is all accounted for, the accounts fully settled, and the trust executed.

It follows from these propositions that the settlement of the final account of a testamentary trustee in accordance with the provisions of this section will necessarily involve a decision as to the effect of the instrument by which the trust was created, in order to ascertain who is entitled to the trust estate, and determine whether or not the trustee has properly disposed of it in the execution of the trust. In many cases,

as above stated, a determination of this question will be neces-
sary upon the settlement of the current accounts, but in the
case of a final account, showing a complete execution of the
trust, it will be necessary in every case.

The necessity of this is shown in the provisions of the code
respecting the settlement of the accounts of executors and
administrators. They are made chargeable in their accounts
with all the estate which comes to their hands. (Code Civ.
Proc., sec. 1613.) Upon the settlement of an account allowing
compensation and expenses, the court must thereupon make
an order for the payment of the debts,—that is, it must de-
termine to that extent who are the beneficiaries, and order the
execution of the trust to that extent by payment to them.
(Code Civ. Proc., sec. 1647.) If this exhausts the estate the
account is final, but a supplementary accounting must be
made showing the payments made under the order. (Ibid.)
And when, after the debts have been paid, the balance still
remaining has been ordered distributed by the court, the
executor or administrator is not entitled to a discharge until
he has further accounted to the court for this balance by
showing that he has paid or delivered the property to the
parties entitled thereto. (Code Civ. Proc., sec. 1697.) This
latter is not usually styled an account, but it has all the essen-
tial attributes thereof, and although the code does not require
notice to be given thereof, there can be no doubt that the
court would have power, if occasion arose, to require a notice
to the distributees in order to facilitate a determination of the
question whether or not the delivery had been made at all,
and, if made, whether it was to the proper parties. It is true
that in this state the distribution of estates has been made to
some extent a matter distinct from the settlement of the
accounts. But it is clearly made so merely for convenience.
If those provisions of the code were omitted the court would
still be compelled to ascertain and declare the interests of
the successors, in order to adjudge whether or not the ac-
counts were correctly rendered.

Furthermore, in the case of bills for an accounting in
equity, the proceeding has always been to ascertain who was
entitled to the balance found on hand, and give judgment
accordingly in his favor against the trustee. The forms of
interlocutory decrees in such cases include a judgment of this

character, to become effective on the approval of the account. (3 Daniell on Chancery Practice, *2193, *2238; 2 Lindley on Partnership, *516; 22 Ency. of Plead. & Prac. 107; 1 Cyc. Law & Proc. 448; *Keogh* v. *Noble,* 136 Cal. 153.) The question as to who were entitled to the trust estate was usually settled in a preliminary inquiry concerning the necessary parties. (1 Daniell on Chancery Practice, *216, *217; 1 Pomeroy's Equity Jurisprudence, sec. 112, p. 119; *Alison* v. *Goldtree,* 117 Cal. 547.) And either party was entitled to a judgment if a balance was ultimately found in his favor, although the party entitled was a defendant who had not filed a cross-bill. (1 Story's Equity Jurisprudence, sec. 522; Beach's Equity Practice, sec. 429; Story's Equity Pleading, sec. 106; Parsons on Partnership, sec. 208.)

These methods of procedure in probate and in equity were obviously not adopted arbitrarily, but from the necessities of the case, and because there could be no complete accounting without establishing the right of the parties entitled to the property accounted for when it was passed from the control of the trustee. And it is difficult to perceive how any good end could be accomplished by arresting a proceeding of this character midway and relegating the parties to another action in the same court, or another court of concurrent jurisdiction, for a second determination of questions which the court in the proceeding had been compelled to determine; an action in which no new questions could well arise, and the only effect of which would be further delay and uncertainty, and possibly further complications arising from conflicting decisions in the different courts.

We conclude therefore that in a proceeding of this character the court has the power, and it is its duty whenever the power is invoked, to ascertain who is entitled to the trust estate already delivered by the trustee, and also that which yet remains to be delivered, and make such orders as may be necessary to enable the trustee to make final settlement with the beneficiary in safety and secure a final settlement of his account which will entitle him to a discharge.

It is further provided in section 1699 of the Code of Civil Procedure that the report accompanying the account must give the names and post-office addresses, if known, of the *cestuis que trust.* This the report in question failed to give,

and it is claimed that for that reason the proceeding is void, and that prohibition will lie to prevent further action therein. This, however, would not be sufficient cause for a writ of prohibition. An appeal lies from any order that may be made in the proceeding and it will furnish a sufficient remedy to any person aggrieved by the action of the court in attempting to proceed without jurisdiction.

It is further urged that the court will be premature in its action if it should proceed at the present time to direct the delivery of the property to Gopcevic, the husband, claiming under the will of the deceased daughter. It is claimed that, as less than a year has elapsed since that will was probated, it is still subject to contest, and that therefore the probate is not final, and the property should not be turned over to the appointee until the time for contest has expired, or, if a contest is instituted, until it is finally decided. It is not necessary here to determine whether this contingency would be sufficient to abate the proceeding as for a final settlement, or would be good cause for a postponement of the settlement of the trust until after the probate of the will had become final. We cannot anticipate the action of the court below and assume that it would be erroneous on this point, and in any case its decision would be subject to appeal and an ample remedy is thereby provided.

The application for writ of prohibition is denied.

McFarland, J., Van Dyke, J., and Henshaw, J., concurred.

Beatty, C. J., and Angellotti, J., dissented.