[Civ. No. 5233.   Second Appellate District, Division One.—April 2, 1926.]

WILLIAM W. PARKMAN, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—SETTLEMENT OF ESTATE—JURISDICTION.—The real business of the probate court is the settlement of estates of deceased persons, and when the order of final distribution and discharge of the executor under the will, or the administration of the estate, has been entered, the work of the probate court with reference to the estate is ordinarily closed.

[2] ID. — SETTLEMENT OF ESTATE — SUBSEQUENT MATTERS — JURISDICTION.—As distinguished from the settlement of the estate, whatever additional legal business connected with the administration of the affairs of the estate may require judicial attention must ordinarily be administered in another forum, and it is only when authorized by some express statute that the probate court, sitting as such, and disassociated from the superior court, may entertain

1.   See 11 Cal. Jur. 258.
2.   See 11 Cal. Jur. 260.

matters of a nature distinct from the settlement of estates of deceased persons.

[3] ID. — TERMINATION OF ADMINISTRATION — DISPOSITION OF TRUST PROPERTY—ACCOUNTING—REMEDIES—JURISDICTION.—A petition presented to the probate court after final distribution of the estate to require the filing of an account by a testamentary trustee is not an incident to the settlement of the estate, but a new proceeding, of which the probate court has jurisdiction only under section 1699 of the Code of Civil Procedure, in the absence of which the petitioner could obtain relief only by bringing a suit in equity wholly disconnected from the administration of the estate in the probate court.

[4] ID.—ORDER TO SHOW CAUSE—SPECIAL PROCEEDINGS—APPEAL—CERTIORARI.—Under section 963 of the Code of Civil Procedure, a final order by a judge of the superior court sitting in probate dismissing a citation to a testamentary trustee, under section 1699 of the Code of Civil Procedure, to show cause for not filing an account, is a special proceeding under sections 22 and 23 of the Code of Civil Procedure from which an appeal may be taken, and *certiorari* will not lie under section 1068 of the Code of Civil Procedure to review such an order.

---

(1) 15 C. J., p. 1010, n. 58, 65; 24 C. J., p. 940, n. 57, p. 941, n. 68. (2) 15 C. J., p. 1013, n. 92. (3) 24 C. J., p. 943, n: 80. (4) 3 C. J., p. 457, n. 30; 11 C. J., p. 111, n. 52, p. 113, n. 78; 24 C. J., p. 1044, n. 33.

PROCEEDING in Certiorari to review an order of the Superior Court of Los Angeles County. Frank R. Willis, Judge, dismissing a citation to show cause why an account should not be filed by a testamentary trustee. Writ discharged; proceeding dismissed.

The facts are stated in the opinion of the court.

J. W. Hocker for Petitioner.

Scarborough & Bowen for Respondents.

HOUSER, J.—*Certiorari.* The record herein shows in substance that the respondent Superior Court had jurisdiction in a certain probate proceeding before it wherein final distribution of an estate was ordered, which, in accordance with the terms of the will therein involved, included distribution to W. B. Scarborough Company, a corporation, as

trustee in possession of certain real and personal property; that said W. B. Scarborough Company was not legally qualified to act as such trustee; that, although since such distribution a period of more than six months had elapsed, in violation of the provisions of the statute said trustee had failed to file in said Superior Court an inventory of the properties received by it under such order of distribution, and had likewise failed to file any report or account as such trustee; that thereupon petitioner herein had filed a petition in said Superior Court by virtue of which a ''citation'' was caused to issue to said trustee, commanding it to show cause why it should not be required to file an account, and ''why said corporation accepted such trust, to receive, manage and control the property of said estate''; that said corporation duly filed its answer to the said petition; that thereafter said matter came on regularly for hearing before said Superior Court and, over the objections of petitioner, the following final order was entered, to wit: ''Respondent having appeared and answered citation, the same is dismissed.'' The oral reason given for such order by the judge of the Superior Court at the time the order of dismissal was made was that ''this court sitting in probate has no jurisdiction in the premises; the remedy of the petitioner, if any, is by bill in equity for an accounting brought in another department of this court.''

On the part of the respondent herein it is urged, among other things, that if, as contended by petitioner, the order of dismissal be construed as one finally dismissing and disposing of the proceedings, it is appealable, and consequently that *certiorari* will not lie.

There would seem to be no question but that a probate court, as originally constituted, and as separated and distinguished from the now existing Superior Court, had no jurisdiction in a matter of the nature of that involved in the controversy which is the foundation for the present proceeding before this court. [1] The real business of the probate court is the settlement of estates of deceased persons. When the order of final distribution and discharge of the executor under the will or the administrator of the estate has been entered, the work of the probate court with reference to the estate is ordinarily ended. [2] As distinguished from the settlement of the estate, whatever additional legal

business connected with the administration of the affairs of the estate may require judicial attention must ordinarily be administered in another forum. It is only when authorized by some express statute that the probate court, sitting as such, and disassociated from the Superior Court, may entertain matters of a nature distinct from the settlement of estates of deceased persons. In the proceeding presented to the probate court by the petition to require the filing of an account by the trustee acting under the trust created by the will, the probate court derived its authority from the provisions of section 1699 of the Code of Civil Procedure, which conferred complete jurisdiction in such matters. Were it not for such special statute, the probate court as such would be lacking in power to determine the question thus presented to it, and the petitioner would be relegated to the equity arm of the Superior Court for the relief, if any, to which he might be entitled.

In the case of *Estate of Davis*, 136 Cal. 590, 597 [69 Pac. 412, 414], in treating the subject of jurisdiction of probate courts, the following language is used: "It may be said that at the present time in this state there is no probate court in the sense that the term has been used in the earlier volumes of the California reports. Under the fundamental law there is a probate jurisdiction vested in the superior court. It may be said that the probate court is gone, but that the probate jurisdiction remains. And that jurisdiction is now vested in the same court that exercises jurisdiction in cases of law and equity. Yet the probate jurisdiction of the superior court is different from its law and equity jurisdiction in this,—it is essentially a jurisdiction under the control of the state legislature. That law-making power may enlarge it or may restrict it. The character and extent of the jurisdiction is not only a matter under legislative control alone, but the procedure by which that jurisdiction may be invoked and rights thereunder adjudicated is expressly laid down by statute; and that procedure must be followed, or relief under that jurisdiction cannot be secured. While the superior court in this state exercises both equity and probate jurisdiction, still the procedure to be followed in seeking relief within those two jurisdictions is widely varied. And if the probate procedure laid down by the code is followed, then only relief under probate jurisdiction can be

granted. In such a case general equity relief cannot be secured.''

In the case of *More* v. *More,* 133 Cal. 489 [65 Pac. 1044, 66 Pac. 76], which was a suit to establish the fact that certain deeds to real property had been procured by fraud and undue influence, and as a consequence, to compel a reconveyance of such property, or for general relief, one of the defenses was that the plaintiffs were estopped by a judgment rendered in the matter of an estate under the provisions of section 1664 of the Code of Civil Procedure, which authorized the institution of a proceeding in the course of administration of an estate for the purpose of determining heirship. In ruling against the contention of defendants therein, the court took occasion to lay down certain principles affecting the jurisdiction of probate courts, and reached a conclusion similar to that expressed in the case heretofore cited herein.

The case of *Morffew* v. *San Francisco & San Rafael R. R. Co.,* 107 Cal. 587 [40 Pac. 810], was one in which a testator devised all his property to his wife in trust for his children. In the course of the administration, the lands belonging to the estate having been distributed in accordance with the provisions of the will, it was held (p. 594) that, in the absence of sections 1699 to 1703 of the Code of Civil Procedure, the probate court thereupon had no further control of the trust.

A case which in its declaration of the law goes somewhat beyond that which is stated in either of the foregoing cases is that entitled *King* v. *Chase,* 159 Cal. 420 [115 Pac. 207]. It is there held that since the enactment of section 1639 of the Code of Civil Procedure, which empowers the probate court to compel a personal representative of a deceased executor or administrator to render an account of the distribution of the estate of his testator or intestate, an action in equity will not lie for the same purpose—for the reason that the jurisdiction formerly existing in courts of equity ''was based solely on the lack of any statutory method of accomplishing the same end by proceeding in probate.''

[3] From a consideration of the foregoing authorities it becomes clear that the proceeding initiated by petitioner in the probate court was entirely independent of any adminis-

tration upon the estate in which the proceeding was entitled; that in the absence of the statute (sec. 1699, Code Civ. Proc.) the only way by which petitioner successfully could have hoped for the relief which he sought was by bringing a suit in equity wholly disconnected from the administration of the estate in the probate court. It follows that, except in its entitlement, which was "In the Matter of the Estate of Calvin E. Parker, deceased," the petition presented to the probate court a new proceeding, as distinguished from the proceedings necessarily incident to the settlement of the estate.

According to the statutory provisions, judicial remedies are such as are administered by courts of justice and are divided into two classes—(1) actions, and (2) special proceedings. (Secs. 20, 21, Code Civ. Proc.) An action is denied as "an ordinary proceeding in a court of justice by which one party prosecutes another for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense"; and every other remedy is a special proceeding. (Secs. 22, 23, Code Civ. Proc.)

[4] It is apparent that if the petition be considered as a special proceeding, the order by the judge sitting in probate dismissing the citation constituted the basis of the final determination thereof. In order to dispose of the question presented for decision, we shall assume further that the order is in effect a final order, though not formally entered as such. Section 963 of the Code of Civil Procedure provides that an appeal may be taken from the superior court: "(1) From a final judgment entered in an action or special proceeding, . . . "

The case of *McAdoo* v. *Sayre*, 145 Cal. 344 [78 Pac. 874], would seem conclusive as to the ultimate question here presented, in that it is there ruled that an appeal lies from any order made by the probate court in a proceeding of the nature of that involved herein. In that case, as in the instant case, a proceeding was brought under section 1699 of the Code of Civil Procedure, but therein for the purpose of terminating a trust and directing the trustees "to pay over, convey, and deliver the property" of the trust estate to the person who claimed to be entitled thereto. According to the statement contained in the opinion rendered by

the supreme court, there was "thus presented the question whether or not section 1699 of the Code of Civil Procedure confers upon the superior court, in the settlement of a trustee's account in the proceeding there established for that purpose, jurisdiction to ascertain and determine who are the persons entitled to the trust property, and, upon the final account, to direct the trustee to deliver the property to such persons in settlement of the trust, or to approve and confirm such delivery if already made by the trustee. . . . " And whether "the court has a general power, upon final settlement at the termination of the trust, to dispose of the entire matter of the trust by determining who, by the terms of the trust, is entitled to the property, and directing the trustees to turn over the same to such person. The decision of this question depends on the effect to be given to the language of section 1699 of the Code of Civil Procedure." After deciding that under said section 1699 of the Code of Civil Procedure the Superior Court had jurisdiction of the question which was thus presented to it, the court denied the application for the writ of prohibition. In dealing with the appealability of a final order rendered in pursuance of the provisions of section 1699 of the Code of Civil Procedure, the court said:

"It is further provided in section 1699 of the Code of Civil Procedure that the report accompanying the account must give the names and postoffice addresses, if known, of the *cestuis que trust.* This the report in question failed to give, and it is claimed that for that reason the proceeding is void, and that prohibition will lie to prevent further action therein. This, however, would not be sufficient cause for a writ of prohibition. *An appeal lies from any order that may be made in the proceeding and it will furnish a sufficient remedy to any person aggrieved by the action of the court in attempting to proceed without jurisdiction.*"

Section 1068 of the Code of Civil Procedure lays down the conditions under which a writ of *certiorari* may be granted. Among them is the provision that the writ will lie only where it appears that "there is no appeal" from the action of the court which is sought to be reviewed.

From the case of *McAdoo* v. *Sayre, supra,* it clearly appearing that the order to which the consideration of the

court as herein directed is appealable, it follows that, irrespective of the other questions which are submitted by the parties to this controversy, the writ should be discharged and the proceeding dismissed. It is so ordered.

Conrey, P. J., and York, J., concurred.