[Civ. No. 8155. Second Appellate District, Division One.—February 17, 1932.]

In the Matter of the Estate of LAURA E. HUBBELL, Deceased. CALIFORNIA TRUST COMPANY (a Corporation), Individually and as Trustee, etc., Appellant, v. CHAUNCEY E. HUBBELL, Respondent.

Swanwick & Donnelly for Appellant.

John A. Holland and Josiah Coombs for Respondent.

TAPPAAN, J., *pro tem.*—This is an appeal by the California Trust Company, the contestant below, from a judgment and decree terminating the trusts created by the will of Laura E. Hubbell, deceased, and ordering distribution of the trust estate to Chauncey E. Hubbell, petitioner below and respondent here.

The facts, in so far as they are pertinent to this appeal, are as follows: Laura E. Hubbell died on November 15, 1925, leaving a will. This will was in due course admitted to probate and, thereafter, on December 27, 1927, the court ordered the distribution of her estate according to the terms of said will. This order reads in part as follows: " . . . and all rest, residue and remainder to California Trust Company as trustee; said trustee to collect the rents, issues and profits therefrom, and after payment of taxes, repairs and assessments, if any, to pay the sum of $40.00 per month to Chauncey E. Hubbell, son of said deceased, for and during the term of his natural life. . . . Upon the death of said Chauncey E. Hubbell said estate shall go to the Santa Monica Bay Woman's Club to be used to establish and maintain a home for poor and indigent old women, preference being given to those residing in the City of Santa Monica." Upon the entry of this order appellant, California Trust Company, received said described property and has ever since administered the same pursuant to the trust by said will and order created. The validity of this order is not in question here.

On October 29, 1930, Chauncey E. Hubbell, the respondent here, filed a petition in the probate proceeding in which he alleged among other things that on October 15, 1930, the Santa Monica Bay Woman's Club had by resolution renounced any right given it, or acquired by it, under the terms of the will of Laura E. Hubbell. That by reason of said renunciation by said club, that as to property held in trust by appellant, "the will is inoperative to pass title, and the estate thereby, and by reason of the failure of said

gift and by reason of its renunciation, by the corporation entitled to receive it, descends to the next of kin, as of an estate of an intestate.'' The petitioner then alleges that he is the next of kin and prays that the property held in trust by appellant, after the payment of charges, be distributed to him as such. To this petition appellant interposed a demurrer on the grounds that the court had no jurisdiction of the subject matter; that the order of distribution was final; that the petition was ambiguous and uncertain; that the petition failed to state facts sufficient to constitute a cause of action. The appellant also filed an answer denying the principal allegations of the petition. Respondent then filed a motion to strike appellant's demurrer and answer. The petition, demurrer and motion to strike came on for hearing together before the probate court. The court, after overruling appellant's objection as to its jurisdiction, received in evidence certain documents and ordered the matters submitted. Thereafter the court granted the motion to strike appellant's demurrer and answer and ordered distribution in accordance with the prayer of the petition. Findings of fact, conclusions of law and decree were thereafter signed and filed. From this judgment and decree, this appeal was taken.

The questions presented on this appeal are three in number. The first involves the right of appellant trustee to appear in the proceeding and to maintain this appeal. Respondent contends that appellant is not an ''aggrieved party'' within the meaning of section 938 of the Code of Civil Procedure and, therefore, is without standing before this court. Appellant is the trustee, in rightful possession of the estate here involved, under a decree of distribution duly made and now final and unquestioned. The attack presented here is not one involving the conflicting interest of beneficiaries or others, under the terms of the trust, but one going to the very existence of the trust itself. It is not only the right of the trustee to protect the trust estate, it is its duty as well. If the petitioner be correct the entire plan of the deceased as declared in her will is destroyed. (*Gray* v. *Union Trust Co.*, 171 Cal. 637 [154 Pac. 306]; *Fletcher* v. *Los Angeles Trust & Sav. Bank*, 182 Cal. 177 [187 Pac. 425].) The authorities cited by respondent merely hold that a trustee in his official capacity is an indifferent

person · in a contest between the beneficiaries. ▮ Here the petitioner is the only beneficiary who is a party to the contest, and he seeks to terminate and end the trust. It is the duty of the trustee to protect the estate held in trust, so that the intention expressed in the will and decree of distribution may be carried out and that the rights of other beneficiaries who are not parties to the proceeding and whose rights are not as yet definitely determined may be preserved.

▮ The second question presented involves the jurisdiction of the court in probate proceedings to terminate and end the trust created by the will and decree of distribution. The petitioner and respondent, who, under the decree receives, from the trust as established, during the term of his natural life, a fixed income per month and other benefits, seeks not only to have the trust, created to begin after his death, terminated, but also the trust under which he is now receiving benefits. Respondent contends that the probate court has jurisdiction to order the termination of the trust as a whole, under the circumstances stated in his petition, by virtue of the power granted it by section 1699 of the Code of Civil Procedure, a section under the title creating probate courts. The section in so far as involved here reads as follows: "Where any trust has been created by or under any will to continue after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction thereof for the purpose of the settlement of accounts under the trusts." This section has been incorporated in the newly enacted Probate Code as section 1120, where the following language is substituted: " . . . but shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust, to the extent that such determination is not concluded by the decree of distribution. . . . "

The jurisdiction of probate courts and their proceedings has always been strictly limited. In the English system, from which ours was patterned, this jurisdiction was vested in a separate ecclesiastical court, drawing its jurisdiction from the "cure of the soul of the deceased". In the state of New York, when it adopted the code system, the prototype of our own, this distinction was recognized, and a separate surrogates court, with limited jurisdiction, was

established. Our own codes contain a separate title creating such a probate court and limiting its jurisdiction. Trusts under the English system were within the jealously guarded jurisdiction of the courts of equity. This distinction has also been followed under the codes except where by statutory enactment additional powers have been granted to probate courts, such as those contained in section 1699 of our Code of Civil Procedure.

This limitation upon the jurisdiction of courts in probate proceedings is clearly stated in the case of *Parkman* v. *Superior Court*, 77 Cal. App. 321 [246 Pac. 334, 335], where it is said, ''The real business of the probate court is the settlement of estates of deceased persons. When the order of final distribution and discharge of the executor under the will or the administrator of the estate has been entered, the work of the probate court with reference to the estate is ordinarily ended. As distinguished from the settlement of the estate, whatever additional legal business connected with the administration of the affairs of the estate may require judicial attention must ordinarily be administered in another forum. It is only when authorized by some express statute that the probate court, sitting as such, and disassociated from the Superior Court, may entertain matters of a nature distinct from the settlement of the estate of deceased persons. In the proceeding presented to the probate court by the petition to require the filing of an account by the trustee acting under the trust created by the will, the probate court derived its authority from the provisions of section 1699 of the Code of Civil Procedure, which conferred complete jurisdiction in such màtters. Were it not for such special statute, the probate court as such would be lacking in power to determine the question thus presented to it, and the petitioner would be relegated to the equity arm of the Superior Court for the relief, if any, to which he might be entitled.'' In the case of *Estate of Davis*, 136 Cal. 590, 597 [69 Pac. 412], cited and quoted in *Parkman* v. *Superior Court*, *supra*, it is said: ''It may be said that at the present time in this state there is no probate court in the sense that the term has been used in the earlier volumes of the California reports. Under the fundamental law there is a probate jurisdiction vested in the superior court. It may be said that the probate court is

gone, but that the probate jurisdiction remains. . . . Yet the probate jurisdiction of the superior court is different from its law and equity jurisdiction in this—it is essentially a jurisdiction under the control of the state legislature. . . . And if the probate procedure laid down by the code is followed, then only relief under probate jurisdiction can be granted. In such a case general equity relief cannot be secured." The same rule is followed in the case of *Morffew* v. *San Francisco & San Rafael R. R. Co.*, 107 Cal. 587 [40 Pac. 810], also cited in the same case. The case of *McAdoo* v. *Sayre*, 145 Cal. 344 [78 Pac. 874], cited by respondent, involves a settlement of an account and the determination under the terms of the trust of who are the beneficiaries entitled to take at the termination of the trust. The case of *Johnson* v. *Superior Court*, 102 Cal. App. 178 [283 Pac. 331, 334], also cited by respondent, holds, "A probate court has the power to pass upon equitable issues involved in determining questions that may arise within its jurisdiction."

No authority, either statutory or case, has been cited by respondent, sustaining his contention that in a probate proceeding, the probate court may by decree, entered after an estate has been distributed to a trustee to hold in trust, and during the continuance of the trust and before the time limited for its termination by the decree of distribution, terminate and end the trust. The court in this probate proceeding has only the jurisdiction conferred upon it by the statute, in this case section 1699 of the Code of Civil Procedure, and was not empowered by its judgment and decree to terminate the trust estate held by appellant. It would also seem, to make use of the language of the Probate Code (sec. 1120), that the court was "concluded by the decree of distribution" from making any such judgment and decree under the circumstances disclosed here.

The court having clearly acted beyond its jurisdiction in making the judgment and decree here appealed from, it is unnecessary to pass upon the other point raised upon this appeal.

The judgment and decree appealed from are reversed for the reason herein stated.

Houser, Acting P. J., and York, J., concurred.