[Civ. No. 10990. First Appellate District, Division One.—March 22, 1939.]

In the Matter of the Estate of LEON LOUIS REY, Deceased. NOEL M. REY, Appellant, v. LEON M. REY et al., Respondents.

James M. Thomas for Appellant.

Louis M. Piccirillo for Respondents.

WARD, J.—On April 27, 1927, Leon Louis Rey died testate leaving real and personal property. The will, providing for the creation of certain trusts, was admitted to probate and Prosper L. Wolf and a son, Leon M. Rey, were appointed and qualified as executors. In December of the same year, after approval of a first and final account, a petition for distribution was ordered. On July 28, 1928, a decree of final discharge was granted. On May 20, 1937, the second son named in the will filed an application for an accounting on one of the testamentary trusts, and in addition alleged that certain stocks and bonds referred to in a second testamentary trust had not been administered. On December 2, 1937, the Anglo California Trust Company having refused to act, the court settled the final account of the sole trustee Leon M. Rey and terminated the trust relative to certain stock by ordering distribution. On January 13, 1938, an order was made denying the application for an accounting. This appeal is by Noel M. Rey, referred to in the will as Noel Rey, from the order settling the final account of the sole trustee and from the order denying the application for an accounting.

 The first question presented for determination arises from the construction placed upon the proviso clause in the sixth paragraph of the will reading as follows: "Sixth: The stock which I own and hold in L'Echo de L'Ouest, a corporation, I give and bequeath to Anglo California Trust Company and Leon M. Rey, in Trust However, for the following uses and purposes and not otherwise: They are to hold the same and pay the income from said stock to my sons, Leon M. Rey and Noel Rey, for and during the period of ten (10) years from the date of my decease at which time said stock shall

be divided equally amongst my two sons, Leon M. Rey and Noel Rey, share and share alike; subject However, that my two sons shall retain control of said newspaper corporation and if my said son Noel Rey should in anywise dispose of the stock which now stands in his name or vote the same so as to surrender control of said corporation to minority stockholders, then and in that event the share of stock which he would have received shall go to and vest in my son Leon M. Rey;''. The court divided the stock equally between the two sons and terminated the trust.

Appellant Noel M. Rey argues that the limitation in paragraph six is placed upon the two sons after distribution. In other words, that the distributees should have been directed to vote the stock jointly after distribution. Respondents contend that the limitation was upon the trustees for the ten-year period of the trust. Construing the intention from the words used in the will, and from the surrounding circumstances, we must agree with the contention of respondents that no restriction is placed on the beneficiaries after distribution and termination of the trust, otherwise the restriction could last forever. If such an intention was contemplated, why did not the testator leave the stock directly to the two sons without the ten-year trust limitation? The beneficiaries would have obtained immediate and absolute control upon distribution of the estate subject to the limitation that they should continue control of the corporation. Whether such a provision would have violated the rules against perpetuities or have been simply a continuance of limitation during the lives of the beneficiaries is not necessary to discuss in this proceeding. The trustees were empowered to vote the stock. In the absence of one, the other had the right to vote all shares unless the order appointing them directed otherwise. (Civ. Code, sec. 320c.) Leon M. Rey was named by the testator as one of the two trustees. In such capacity he might persuade the cotrustee, if appointment had been accepted, to take some action that might result in a relinquishment of control, but the real purpose which actuated the testator is that Noel, who held control of personal stock standing in his name, should be prohibited, at least for ten years, from voting his personal stock ''so as to surrender control''. If Noel violated this direction, his trust share should ''go to and vest in my son Leon M. Rey''. If the stock had been given directly to the

sons, Noel Rey could have transferred his personal stock with the possible surrender by the sons of control of the corporation.

■ The words of the sixth paragraph, and the surrounding circumstances as gleaned from the whole will, evidence an intent on the part of the testator that the sons should retain control for at least ten years, therefore the limitation applied to Noel's personal stock and the trust stock. Though it may have been the hope of the testator that his sons would continue to control a majority of the stock in the corporation after the ten-year period, no limitation can be read into paragraph six of the will restricting the actions of either son after the termination of the trust. There is no merit in appellant's claim that the stock should have been distributed jointly. The will expressly provided that the stock should be divided equally, share and share alike.

■ The second point urged by appellant is that the probate court should have heard the application for an accounting and the issues raised by the answer thereto, and should not have determined the matter upon a preliminary motion. The application for an accounting was particularly directed to the property mentioned in paragraph "Fifth" of the will, which provided that certain stocks and bonds were bequeathed to the Anglo California Trust Company and Prosper L. Wolf in trust. The net income from such property, and if necessary "advancements from the *corpus*" were to be paid to Marie Rey during her natural life, the accumulations thereafter to vest in the two sons. Marie Rey died on October 12, 1932. The application for accounting alleges that Leon M. Rey converted the stocks and bonds to his own use and that they were never inventoried or administered upon in the probate estate proceedings or placed in trust. Upon the preliminary motion, the court found that under and by virtue of the provisions of sections 1120 and 1121 of the Probate Code the court had no jurisdiction to order an accounting.

■ Section 1120 is an appropriate proceeding to be instituted by the trustee to determine to whom the property shall pass, and section 1121 is a measure given to a beneficiary or party interested in a trust to apply to the court for a citation directed to the trustee to show cause why such trustee should not file an account, but it is not so expansive that a personal judgment against the trustee may be rendered.

(*Costa* v. *Superior Court,* 137 Cal. 79 [69 Pac. 840].) The citation upon the present application was directed to Prosper L. Wolf and Leon M. Rey "as trustees". From the application we learn that the trust referred to, namely, the stocks and bonds to be held for the support of Marie Rey, were never inventoried in the estate and were not placed in trust. █ Sections 1120 and 1121 confer jurisdiction in the probate court after distribution of the estate when the trust has been created, exists and survives the distribution of the estate. (*McAdoo* v. *Sayre,* 145 Cal. 344 [78 Pac. 874]; *Estate of Smith,* 4 Cal. App. (2d) 548 [41 Pac. (2d) 565]; *Gillette* v. *Gillette,* 122 Cal. App. 640 [10 Pac. (2d) 760]; *Thomas* v. *Superior Court,* 17 Cal. App. (2d) 40 [61 Pac. (2d) 496].) If the court grants an application by a beneficiary for an accounting or denies the petition, it is "engaged in the exercise of its special and limited probate jurisdiction as distinguished from its general law and equity jurisdiction". (See *Estate of Smead,* 12 Cal. (2d) 20 [82 Pac. (2d) 182], and cited cases; also, *Estate of Hubbell,* 121 Cal. App. 38 [8 Pac. (2d) 530]; *Estate of Davis,* 136 Cal. 590 [69 Pac. 412]; *Parkman* v. *Superior Court,* 77 Cal. App. 321 [246 Pac. 334].) █ The purpose of section 1121 is to determine disputes between beneficiaries and trustees (*Estate of Smith, supra*), but in the present instance there is no distributed trust and no trustee to whom a valid citation could be issued. The questions raised in the present application concern allegations of title, ownership and fraud and should be relegated to the "general law and equity" department of jurisprudence wherein a personal judgment could be rendered.

█ Appellant contends that respondents, having filed an answer to the application for an accounting, waived all question of jurisdiction. The application was in the nature of a summary proceeding requesting the probate court to cite the parties nominated in the fifth paragraph of the will as trustees to show cause why an account should not be rendered. In the form in which it was filed it was not an action at law or a suit in equity. It purported to be an ancillary proceeding presupposing the existence of a trust. It alleged fraud. In *Koerber* v. *Superior Court,* 57 Cal. App. 31 [206 Pac. 496], the daughter of a decedent was accused of embezzling the property of an estate. At page 35, the court said: "Certainly under those circumstances she had the right to deny

those accusations by written, verified answer, and to assert her own claim of ownership to said property, without forfeiting her right to have the question of the title to said property tried in the regular way.'' Appellant relies upon *In re Guardianship of Garbini*, 28 Cal. App. (2d) 715 [83 Pac. (2d) 508], but this case is not in point. In the Garbini matter, the filing of the answer did not bestow jurisdiction. The answer was in effect a petition, and from that answer petition, the court obtained jurisdiction. Appellant cites *In re Clary*, 112 Cal. 292 [44 Pac. 569]. In that case a bill in equity for an accounting was filed in the probate proceeding and answered on the merits without objection to the form of the proceeding. The court held that the form of title was immaterial. In that case no objection was offered to the jurisdiction of the court.

In the instant case an answer was filed but an objection having been presented to the jurisdiction of the court, it came on regularly for hearing upon oral and written arguments of respective counsel. The court filed a written order denying the application. ■ The superior court exercises its probate jurisdiction separate and distinct from its equity authority. It is true that the probate jurisdiction has power to control trustees in the management of testamentary trust estates, but when the trust does not exist, the special statutory power under sections 1120 and 1121 is not broad enough to cover general equity jurisdiction in the face of an objection presented prior to the hearing upon the merits of the issues raised by the application and answer. It appears from the briefs filed by appellant and respondents that simultaneously with the filing of this application for an accounting an action in equity was filed asking the determination and ownership of these stocks and bonds.

The orders appealed from are affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 18, 1939.