[Civ. No. 7777. Second Appellate District, Division One.—July 22, 1931.]

In the Matter of the Estate of SIMON HOUSTON BLACK-BURN, etc., Deceased. GEORGE M. BLACKBURN, Respondent, v. IRENE BLACKBURN et al., Appellants.

Stearns, Luce & Forward, Edgar A. Luce, A. M. Thompson and W. A. Alderson for Appellants.

E. Everett Bennett and Janeway, Beach & Hankey for Respondent.

CONREY, P. J.—This appeal is from an order, the effect of which was to determine that Irene Blackburn and Lulu B. Spurling had forfeited their right to the legacies provided in the will of Simon Houston Blackburn to be bequeathed to them, by having filed objections to the appointment of one Grace B. Killough as one of the executrices of said will.

Irene Blackburn who had been named in the will as one of the executrices filed a petition for the probate of the will and for the issuance to herself of letters testamentary. In the will the testator appointed Grace B. Killough as the other executrix. On December 9, 1929, the petition was duly heard and an order was entered admitting the said will to probate and appointing Irene Blackburn executrix. On the same day, after the making of the order appointing the said Irene Blackburn executrix, Grace B. Killough filed a petition praying that she be appointed a joint executrix of the estate of said decedent. On the twentieth day of December, 1929, Lulu B. Spurling and Irene Blackburn filed objections in the superior court to the appointment of Grace B. Killough as executrix. These objections were overruled and an order was made appointing Grace B. Killough coexecutrix of the estate of said deceased. On June 19, 1930, Irene Blackburn and Grace B. Killough, as executrices of the last will of Simon Houston Blackburn, deceased, filed a petition for partial distribution, praying that $22,000 of the funds on hand be distributed to the legatees entitled thereto pursuant to the terms of the will. The court ordered partial distribution to all of the legatees except Irene Blackburn and Lulu B. Spurling, and continued the hearing as to the right of these two last-named persons to share in the distribution. Thereafter George M. Blackburn, one of the legatees, filed a petition to construe provisions of the will with respect to the right of Irene Blackburn and Lulu B. Spurling to receive any legacy or bequest thereunder. Thereupon, after due hearing of the matter, the court determined that Irene Blackburn and Lulu B. Spurling, pursuant to the provisions of the will of said deceased, had lost the right to recover any legacy or bequest under the will of said deceased by reason of having theretofore, in violation of the terms and provisions of said will, filed an objection to the appointment of Grace B. Killough as one of the executrices.

The provisions of the will which are relied upon as authority for the court's order are found in articles five and six thereof. In article five the testator said: "By this my Last Will and Testament, I have disposed of my estate after due consideration of the respective needs and rights of all persons, and all benefits herein conferred in any manner whatsoever are conferred upon the express conditions that the legatees thereof acquiesce in this my Last Will and Testament and all provisions thereof, and in any or all codicil or codicils thereto, and any and all provisions in said codicil or codicils contained, . . . " Article six reads as follows: "If any beneficiary or legatee under this my Last Will and Testament, or any person who, if I died intestate would be entitled to any part of my estate, either in his or her name or in the name of another, either directly or indirectly, or by procuring, aiding, or abetting another, contests, controverts, disputes or calls into question the validity of this my Last Will and Testament, or any provision contained therein, or any codicil or codicils thereto, such person or persons shall take nothing by reason of this my Last Will and Testament or any of its provisions, or any codicils thereto, but shall forfeit any right or claim thereunder and any portion of my estate to which any person opposing my Will would in any contingency be entitled and, if in said case any person or persons or such heir or heirs or any other person or persons whomsoever shall be lawfully determined to have a share of my estate, I give, devise and bequeath to such person or persons the sum of One Dollar ($1.00) and no more, in lieu of any other share or interest in my estate."

As before noted Irene Blackburn of Escondido, California, and Grace B. Killough of Stephenville, Texas, were named in the will as executrices thereof. On December 9, 1929, Irene Blackburn was appointed executrix in accordance with her petition. At that time Mrs. Killough had filed no application for appointment although she was present in court at the time; and it does not appear that she made any objection to the order. On the same day, however, Mrs. Killough filed a petition for appointment as coexecutrix. When this petition came on for hearing Irene Blackburn and Lulu B. Spurling objected to the appointment of Mrs. Killough upon certain grounds which in substance were: That by reason of the appointment and qualification of Irene Blackburn as execu-

trix the court was without jurisdiction to appoint an additional executrix; that by reason of the appointment of Irene Blackburn as executrix in the manner above noted, and without objection from Mrs. Killough, the latter had waived any rights she might have had under the will to be appointed coexecutrix; that Mrs. Killough is a resident of the state of Texas and that her appointment as such executrix would not be for the best interests of the estate, would cause confusion and delay in carrying out the probate of said will and the distribution of the property of the estate, and would materially add to the expense of the probate of the estate, and "that said Grace B. Killough has advised these objectors that she does not intend to give personal supervision to said estate, but intends to return to reside in said state of Texas".

The order against which the appeal is directed cannot be sustained unless it be held that, by reason of the objections thus made to the appointment of Mrs. Killough as coexecutrix, the said Irene Blackburn and said Lulu B. Spurling either refused to acquiesce in the testator's will and all provisions thereof, or in some manner called into question the validity of the will or of some provision contained therein. We need not enter into a discussion of the authorities which hold that forfeiture provisions relating to contests of wills are valid and permissible, and that in construing wills the court should seek to ascertain the real purpose which the testator sought to effectuate by the words of the will; or that the appointment of an executor is an important part of a will; or that a forfeiture clause should not be given any wider scope than the language used plainly requires. All these propositions may be conceded. It seems to us very clear that in making the objections which they did make, at the time and in the manner shown by the record, appellants Blackburn and Spurling did not in any manner call in question the will or the validity of any provisions thereof. If at the time of the admission of the will to probate and of the appointment of Blackburn as sole executrix, appellants Blackburn and Spurling had contested the right of Mrs. Killough to be appointed executrix, notwithstanding the provisions of the will naming her as such executrix, it may be that the making of such contest would have been such refusal to acquiesce in the terms of the will that the order declaring forfeiture of the contestants' right as legatees

would have been sustained. But in fact at that time there was no application by Mrs. Killough, and apparently she was then consenting to the appointment of Blackburn without asking for her own appointment as coexecutrix. We are of the opinion that the subsequent objections made by appellants in opposition to the later application of Mrs. Killough, such objections being made at the time and under the circumstances and on the grounds above noted, may not reasonably be held to constitute a refusal to acquiesce in the provisions of the will. It follows that appellants have not lost their right to share as legatees in the property of decedent's estate.

The order is reversed.

Houser, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on August 18, 1931, and a petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 17, 1931.