[Civ. No. 9735. First Appellate District, Division Two.—February 14, 1935.]

In the Matter of the Estate of SIDNEY V. SMITH, Deceased. ELAINE GRACE SMITH, a Minor, etc., Appellant, v. THE BANK OF CALIFORNIA, NATIONAL ASSOCIATION, et al., Respondents:

Treadwell, Laughlin & Treadwell for Appellant.

Pillsbury, Madison & Sutro and Brobeck, Phleger & Harrison for Respondents.

SPENCE, J.—Elaine Grace Smith, a minor, by her guardian Elaine Smith, appeals from an order entered in the above-entitled proceeding on February 13, 1934, denying "Petition for Determination of Rights of Elaine Grace Smith in Trust etc.," and also from an order entered in the above-entitled proceeding on March 24, 1934, denying "Amended Petition for Determination of Rights of Elaine Grace Smith in Trust etc."

After the first-mentioned order was made on February 13, 1934, sustaining the demurrer to the original petition and denying said petition, appellant made a motion for leave to file an amended petition which motion was granted. The amended petition was thereafter filed and as said amended petition superseded the original petition, we believe that the appeal from the order of February 13, 1934, should be dismissed. We shall therefore deal only with the amended petition and the propriety of the order sustaining the demurrer to and denying the amended petition.

The trust involved was created by the will of Sidney V. Smith, deceased, and in 1927 the estate of said deceased was distributed to respondents Bank of California, National Association, and Felix T. Smith, as trustees thereunder. The

terms of said trust, so far as material here, were as follows: "Said trustees shall manage and control said property, collect the income thereof and apply the same so far as in their judgment they shall deem it necessary, to the support, maintenance and education of the issue of Sidney V. Smith, Jr., by Elaine T. Smith. During the lifetime of Sidney V. Smith, Jr., any of said income which in the judgment of said trustees is not necessary for the support, maintenance and education of said issue shall be applied so far as said trustees in their judgment may deem it necessary to the support and maintenance of Sidney V. Smith, Jr. Any balance of said income which in the judgment of said trustees shall not be necessary for any of said purposes shall be paid to said Sidney V. Smith, Jr." It was further provided that the trust should terminate and that the trust estate should be distributed *per stirpes* to the lawful issue of Sidney V. Smith, Jr., upon the death of the survivor of said Sidney V. Smith, Jr., and Elaine T. Smith. In 1933, said trustees filed their seventh account as such trustees. In their accounts said trustees stated that the beneficiaries of said trust were Sidney V. Smith, Jr., Sidney V. Smith IV and Cora Smith. No mention was made of appellant. After the filing of said seventh account, appellant instituted this proceeding for the determination of her rights.

In her amended petition appellant alleged among other things that said Elaine T. Smith and Sidney V. Smith, Jr., intermarried in 1917 and that the issue of said marriage were Sidney V. Smith IV, Cora Smith and appellant Elaine Grace Smith. She further alleged that said Elaine T. Smith and Sidney V. Smith, Jr., were divorced in 1927 and that appellant had no income or means of support other than the sum of $30 per month paid by her father, Sidney V. Smith, Jr., pursuant to the decree of the court in the divorce action. Other allegations were set forth in said amended petition relating to the trust estate, the income therefrom and the amount of said income necessary for the support, maintenance and education of appellant. It was then alleged that appellant had requested said trustees to pay a sufficient sum for said purposes, but that said trustees had failed and refused to do so, and had denied any right of appellant to the income of the trust or to the trust property. The following allegations were then set forth: "That

the said trustees in all the matters herein set forth have acted in gross and arbitrary abuse of the discretion vested in them and in violation and disregard of the terms and provisions of said trust and of their duties and obligations as said trustees and have never at any time applied and are not now applying, and assert that they do not now intend to apply and will not in the future apply any part of the income of said trust to the support, maintenance or education of your petitioner, entirely irrespective of the necessity of such application and entirely irrespective of the judgment of said trustees as to the necessity of such application for said purposes, and the said trustees have not in any way exercised any judgment or discretion vested in them respecting the application of the said income of said trust to the support, maintenance or education of your petitioner, nor have they in any way sought to ascertain what part thereof is necessary therefor, but have stated that they have based their refusal to apply any part of the income of said trust property for the support, maintenance and education of your petitioner on the ground that your petitioner is not a beneficiary of the said trust and is not entitled under any circumstances to any part of the income of the said trust and is not entitled to any interest in the said trust property.''

By the prayer of the amended petition, appellant sought a judgment determining that appellant was one of the three living issue of Stanley V. Smith, Jr., by Elaine T. Smith and a beneficiary under said trust, determining the amount necessary for appellant's support, maintenance and education, determining that appellant would be entitled to a one-third interest in the trust property upon the termination of the trust and for any other proper relief.

It appears from the record before us and the briefs herein that the main issue of fact and perhaps the only issue of fact between the parties is whether appellant is one of the ''issue of Sidney V. Smith, Jr., by Elaine T. Smith''. But as the amended petition was denied by the court upon sustaining the demurrer thereto, we must treat this issue as admitted for the purposes of this discussion. The issues of law presented by said demurrer were: First, did the probate court have jurisdiction over the controversy? Second, if the probate court did have jurisdiction, was the

amended petition sufficient as against the general and special demurrer?

■ The first of the above-mentioned issues of law is the main subject of the discussion in the briefs. It is respondents' contention in support of the order sustaining the demurrer and denying the amended petition that the probate court was "wholly without jurisdiction", while appellant contends that the probate court had jurisdiction under the provisions of sections 1120 to 1126 of the Probate Code. A review of these sections, and particularly of said section 1120, leads us to the conclusion that appellant's contention must be sustained.

Section 1120 of the Probate Code reads in part as follows: "When a trust created by a will continues after distribution, the superior court shall not lose jurisdiction of the estate by final distribution, but shall retain jurisdiction for the purpose of determining to whom the property shall pass and be delivered upon final or partial termination of the trust, to the extent that such determination is not concluded by the decree of distribution, of settling the accounts and passing upon the acts of the trustee and for the other purposes hereinafter set forth."

The wording of said section 1120 is sufficiently broad in its scope to give the court jurisdiction over the present controversy. This section superseded section 1699 of the Code of Civil Procedure, which merely provided that the court should retain jurisdiction "for the purpose of the settlement of accounts under the trusts". But even under said section of the Code of Civil Procedure conferring jurisdiction in more limited terms, it was held that the court necessarily had jurisdiction for the purpose of determining the beneficiaries of the trust. (*McAdoo* v. *Sayre*, 145 Cal. 344 [78 Pac. 874].) We believe the language employed in the present section of the Probate Code was intended to broaden the jurisdiction of the probate court so as to give that court jurisdiction over practically all controversies which might arise between the trustees and those claiming to be beneficiaries under the trust. This view is strengthened by a consideration of section 1240 of the Probate Code which provides for an appeal from an order settling an account of a trustee, from an order instructing a trustee, from an order "determining heirship or the persons to whom distribu-

tion should be made or trust property should pass'', and from an order refusing to make any of said orders.

Respondents take the position that section 1120 of the Probate Code ''only authorizes proceedings set in motion *by the trustee*'' and that the only proceeding which may be set in motion in the probate court by one claiming to be a beneficiary is a proceeding under section 1121 of the Probate Code to compel the trustee to render an account. We find no such limitation in the language of the first portion of said section 1120 conferring jurisdiction upon the probate court. While the remaining portions of said section relate to certain proceedings to be instituted by the trustee and section 1121 relates to proceedings to be instituted by the beneficiary to compel the trustee to render an account, we do not believe that these provisions are to be construed as excluding other types of proceedings instituted by either the trustee or the beneficiary for purposes described in the first portion of said section 1120. Respondents claim that appellant's remedy is to institute a proceeding to compel the trustee to render an account, or to object to any account filed by the trustee, or ''by bill in equity in a separate proceeding''. We may assume that appellant might have pursued some or all of said remedies, but it does not follow that the probate court was without jurisdiction to hear and determine the petition filed by appellant here. As above indicated we are of the opinion that the provisions of said section 1120 conferred such jurisdiction upon said court.

█ It is suggested by respondents that even if the court had jurisdiction, ''the service of process was nevertheless entirely lacking in necessary essentials''. There being no specific method of service prescribed by the code, the court ordered that notice of the hearing be given by posting, by mailing to the beneficiaries, and by serving the trustees and also the guardian of the estate of the two minor beneficiaries. The court's order was complied with and this was sufficient. (Code Civ. Proc., sec. 187.)

Assuming that the court had jurisdiction, we have no doubt that the amended petition was sufficient against the general and special demurrer interposed. Respondents devote but one short paragraph of their brief to this subject and have not called our attention to any defect in the pleading. It is quite apparent that respondents rely wholly upon their claim that the court was without jurisdiction in

support of the ruling sustaining the demurrer to and denying the amended petition. For the reasons above set forth, we believe that said demurrer should have been overruled and that the amended petition should not have been summarily denied.

The appeal from the order entered February 13, 1934, is dismissed. The order entered March 24, 1934, is reversed with directions to the trial court to overrule the demurrer to the amended petition.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 15, 1935.