[L. A. No. 16599. In Bank.—August 22, 1938.]

In the Matter of the Estate of ELNORA GARRIE SMEAD, Deceased. IRVIN C. LOUIS, as Trustee, Respondent, v. PHILLIP SMEAD BIRD et al., Appellants.

[L. A. No. 16600. In Bank.—August 22, 1938.]

In the Matter of the Estate of A. AMELIA SMEAD, Deceased. IRVIN C. LOUIS, as Trustee, Respondent, v. PHILLIP SMEAD BIRD et al., Appellants.

Joseph D. Taylor for Appellants.

Harold B. Pool for Respondent.

WASTE, C. J.—Motions have been made to dismiss the several appeals in each of the above-entitled proceedings. The facts underlying the litigation are involved and we shall recite only such as are necessary to a consideration of the motions now before us. It appears that in the course of the administration of the estate of each of the above-named decedents, the probate court, pursuant to the terms of a testamentary trust provided for in the will of each decedent, appointed the respondent, who was also executor, trustee of each of said trusts. Subsequently, the life beneficiaries died and the *corpus* of the trusts vested in the remaindermen, who were the same in each instance, subject to final accounting of the trustee. In due course, the trustee presented his first and final account with petition for distribution of each trust and for trustee's and attorney's fees. The remaindermen advanced certain objections to the accounts as submitted and the court, after hearing, entered a consolidated decree on December 16, 1936, settling both accounts, allowing certain compensation to the trustee and to his attorney, and directing distribution of the net *corpus* of each trust to the remaindermen. The decree likewise specifically determined that the remaindermen should have judgment against the trustee for several thousand dollars for losses suffered by the trusts and found to be chargeable to the trustee. On February 5, 1937, the trustee filed a notice of intent to move for new trial or for an order vacating and modifying the consolidated decree. The motion was based on five of the seven grounds specified in section 657 of the Code of Civil Procedure as grounds for new trial. Pending disposition of this motion, the remaindermen on March 16, 1937, filed in each proceeding their notice of appeal to this court from the consolidated decree settling the trustee's final accounts.

■    The trustee now moves this court to dismiss the appeals from the consolidated decree settling his final accounts on the ground that they were prematurely taken during the pendency of new trial proceedings, and upon the further ground that the consolidated decree is not the final decree in the proceedings and is therefore not appealable.  We are of the view that said appeals must be dismissed, but not for the reasons advanced by the movant.  The latter ground of the motion is patently without merit for section 1240 of the Probate Code expressly declares that an appeal may be taken from an order settling an account of a trustee.  ■
Nor can we find merit in the contention advanced as the first ground of the motion to dismiss, that the appeals were prematurely taken because of the pendency of new trial proceedings.  On the contrary, we are of the view that the appeals from the consolidated decree settling the accounts of the trustee were not taken within time and must be dismissed for that reason.  This result follows because of our conclusion that new trial proceedings are inapplicable to a decree or order of the probate court settling a testamentary trustee's final account and that the purported new trial proceedings herein did not, therefore, as is customarily the case, serve to extend the time for appeal and the notices of appeal from the consolidated decree settling the trustee's final accounts having been filed on March 16, 1937, more than sixty days after the entry of such consolidated decree on December 16, 1936, were tardily filed and are abortive for all purposes.

It is significant to note that the respondent remaindermen, in their opposition to the motions to dismiss, are in accord with our determination that new trial proceedings are inapplicable to the situation here presented.  Their concession in this respect is addressed to another phase of the litigation, viz., that the inapplicability of such new trial proceedings deprived the court below of jurisdiction to vacate the original consolidated decree and amended the same as it subsequently purported to do apparently under the authority of section 662 of the Code of Civil Procedure, a matter to which we shall more particularly address ourselves at a later point in this opinion.  However, in so arguing and conceding the inapplicability of new trial proceedings, the respondent remaindermen have failed to appreciate that they thereby ex-

pose the fatal defect in their appeals from the consolidated decree settling the trustee's accounts.

We do not base our conclusion as to the inapplicability of new trial proceedings herein upon the concession of respondents to that effect but rather are we of the view that the statutes and decided cases suggest, if not dictate, such conclusion. Preliminarily, it should be stated that the court below in hearing and settling the accounts of the testamentary trustee herein was engaged in the exercise of its special and limited probate jurisdiction as distinguished from its general law and equity jurisdiction. (Sec. 1120, Prob. Code; *Estate of McLellan,* 8 Cal. (2d) 49, 55, 56 [63 Pac. (2d) 1120]; *Security-First Nat. Bank* v. *Superior Court,* 1 Cal. (2d) 749, 753–758 [37 Pac. (2d) 69]; *Thomas* v. *Superior Court,* 17 Cal. App. (2d) 40, 41 [61 Pac. (2d) 496]; *Estate of Smith,* 4 Cal. App. (2d) 548, 552 [41 Pac. (2d) 565].) In the last cited case wherein this court denied a hearing, it is declared that ''We believe the language employed in the present section [1120] of the Probate Code was intended to broaden the jurisdiction of the probate court so as to give that court jurisdiction over practically all controversies which might arise between the trustees and those claiming to be beneficiaries under the trust. This view is strengthened by a consideration of section 1240 of the Probate Code, which provides for an appeal from an order settling an account of a trustee, from an order instructing a trustee, from an order 'determining heirship or the persons to whom distribution should be made or trust property should pass', and from an order refusing to make any of said orders.''

It is obvious, therefore, that the court below in settling the accounts of the testamentary trustee was acting in the exercise of its probate jurisdiction. This being so, we must now ascertain whether new trial proceedings are applicable to the issues determined upon such settlement. Section 1231 of the Probate Code provides that ''A motion for a new trial in probate proceedings can be made only in cases of contests of wills, either before or after probate, in proceedings to determine heirship and interests in estates, and in those cases where the issues of fact, of which a new trial is sought, were of such character as to entitle the parties to have them tried by a jury, whether or not they were so tried.''

In *Estate of England,* 214 Cal. 298, 300, 301 [5 Pac. (2d) 428], this court held that new trial proceedings were inapplicable to an order settling the final account of an administrator and directing distribution. We perceive no material, or any, distinction between the exercise of such jurisdiction by the probate court and the exercise of its jurisdiction, above shown to exist, in settling the final account of a testamentary trustee and directing distribution. New trial proceedings, in our opinion, are inapplicable to its action in either situation. Consequently, and as we have already pointed out, the notices of appeal from the consolidated order or decree settling the accounts of the respondent trustee and directing distribution, having been filed more than sixty days after entry of such decree, were not within time and said appeals must be dismissed.

If, as urged by the respective parties, certain provisions of the decree, which has since become final, are void and beyond the jurisdiction of the court below, a point we do not decide, it is sufficient to say that if the fatal defect is apparent from an inspection of the judgment roll it may be urged upon either direct or collateral attack and the asserted void portions may be lopped off as dead branches upon the judicial tree. (*People* v. *Davis,* 143 Cal. 673, 675, 676 [77 Pac. 651]; *People* v. *Greene,* 74 Cal. 400, 405 [16 Pac. 199, 5 Am. St. Rep. 448].)

We turn our attention now to two other appeals herein which the respondent trustee seeks to have dismissed. Following the filing of the notices of appeal by the remaindermen from the consolidated decree settling the trustee's accounts, which appeals we have just disposed of, the court below, on March 26, 1937, entered a modified consolidated decree, in response to the trustee's motion mentioned above, in which it was recited, in substance, that the motion was denied in so far as it requested a new trial of the issues but granted as to a modification of the consolidated decree settling the accounts. A modified consolidated decree was accordingly entered, in one proceeding on March 26, 1937, and in the other proceeding on March 27, 1937. As indicated earlier in this opinion, the motion of the respondent trustee in the court below was based on five of the grounds specified in section 657 of the Code of Civil Procedure as grounds for new trial. The order and decree granting a portion thereof

and modifying the consolidated decree originally entered, was apparently based upon the provisions of section 662 of the same code to the effect that in ruling on a motion for new trial, in a cause tried without a jury, the court may vacate the judgment in whole or in part or modify the same in whole or in part. However, inasmuch as we have determined that new trial proceedings were inapplicable to the consolidated decree settling the trustee's accounts, it necessarily follows that the court below was without power or jurisdiction in denying the purported new trial proceedings to vacate and modify the consolidated decree. (*Estate of England, supra,* 301.) Its action in this connection was a nullity and while the remaindermen failed to appeal therefrom, and it is settled that a void judgment or decree is appealable, the purported modified consolidated decree being a nullity may be disregarded whenever and wherever relied on. (Authorities, *supra.*)

█ The remaindermen did, however, attempt to overcome the effect of the court's action by moving in each proceeding, though unsuccessfully, to strike out the notice of intent to move for new trial and the modified consolidated decree settling the accounts. They noticed appeals to this court from the orders denying the motions. The respondent trustee also moves to dismiss these appeals upon the ground the orders are nonappealable. The motions to dismiss must be granted. Section 1240 of the Probate Code enumerates the appealable probate orders and nowhere therein do we find any reference to an order denying a motion to strike. The matters sought to be reviewed upon these latter appeals should have been attacked by an appeal from the purported modified and consolidated decree settling the accounts which, as we have already stated, was appealable even if void and beyond the jurisdiction of the court to make and enter. No such appeal was taken.

█ In conjunction with and as part of their notices of appeal from the respective orders denying motions to strike, the remaindermen likewise noticed appeals from orders authorizing the trustee to sell certain of the trust property. An order "directing or authorizing the sale or conveyance or confirming the sale of property" is appealable under section 1240, *supra.* The motions to dismiss these latter appeals must therefore be denied.

To recapitulate: The motions to dismiss the appeals from the consolidated decree settling trustee's accounts, entered December 16, 1936, and to dismiss the appeals from the orders denying motions to strike are, and each is, granted and said appeals are hereby dismissed. The motions to dismiss the appeals from the orders authorizing a sale of property are, and each is, hereby denied.

Shenk, J., Houser, J., Curtis, J., Edmonds, J., Langdon, J., and Seawell, J., concurred.