[Civ. No. 13566. Second Dist., Div. Two. July 24, 1942.]

WILLIAM DUFF HOWARD, Respondent, v. ALBERT AUSTIN BENNETT et al., Appellants.

Walter G. Danielson for Appellants.

Harvey L. Silbert for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in a declaratory relief action for the purpose of having construed certain provisions of a will, defendants appeal.

These are the undisputed facts:

Lilly B. Howard died testate November 9, 1938. November 16, 1938, her will was duly admitted to probate in the Superior Court of Los Angeles County sitting in probate. June 13, 1939, plaintiff filed in the superior court the present action, seeking to have the court declare plaintiff's rights under the terms of decedent's will, should he defend and prosecute actions concerning property which some of the beneficiaries of decedent claimed to belong to decedent's estate.*

By appropriate proceedings defendants questioned the jurisdiction of the court to entertain the present action.

 This is the sole question necessary for us to determine:

*Where a superior court sitting in probate can give full relief, does it have exclusive jurisdiction to construe the terms*

---

*The paragraph in the will which was in question read as follows:

"Ninth: In case any legatee or devisee or beneficiary mentioned or referred to in this my Will, for whom or for whose benefit I have made any provision therein, shall endeavor in anywise to contest in any court, or before any tribunal, this will or the validity thereof, or its due and proper execution, or the provisions applicable to him or her, or any other provision of this my will, or shall commence any suit or action, or submit to any court or other tribunal, or be a party to any pleading or proceeding, which suit, action. pleading or other proceeding assails or draws in question the validity or operation of any of the provisions of said will, or shall in any way question my acts in making this will, or any of its provisions, then and in that event such legatee, devisee or beneficiary shall thereupon forfeit and shall thenceforth cease to have any right, title or interest in or to any portion of my estate, or any property devised or bequeathed hereunder, or any income therefrom; and any and all provisions in this will in favor of or for the benefit of such person are hereby absolutely revoked and eliminated and any and all rights or interests which such person would otherwise have had hereunder shall as wholly fail as if such person had predeceased me; and I further direct that any expense incurred by my executors in defending any contest in or about, or in respect to this will, or the provisions thereof, shall be paid from my estate.''

*of a will in an estate which it is administering so as to deprive the superior court in general of jurisdiction to entertain a declaratory relief action for the purpose of construing the terms of said will?*

This question must be answered in the affirmative. Section 1060 of the Code of Civil Procedure, which provides for a declaratory relief action, was not designed to deprive the superior court sitting in probate of its exclusive jurisdiction to construe the provisions of a will and determine the rights of the parties thereunder. (See *Pennington* v. *Green,* 152 Kan. 739 [107 P. (2d) 766, 768]; *In re List's Estate,* 283 Pa. 255 [129 Atl. 64]; *In re Lochrie's Estate,* 340 Pa. 145 [16 A. (2d) 133, 138]; *Stewart* v. *Herten,* 125 Neb. 210 [249 N. W. 552, 554].)

■ It is the general rule in California that the superior court sitting in probate has exclusive jurisdiction to determine the persons and share that each has in the estate of a decedent (§§ 100, 1020, 1021, Prob. Code; *Luscomb* v. *Fintzelberg,* 162 Cal. 433 [123 Pac. 247]; *Trout* v. *Ogilvie,* 41 Cal. App. 167, 174 [182 Pac. 333]; *Meilink* v. *Gianelli,* 100 Cal. App. 615, 616 [280 Pac. 561]).

*McCaughna* v. *Bilhorn,* 10 Cal. App. (2d) 674 [52 P. (2d) 1025], is not here in point, for in the cited case the superior court sitting in probate could not, as in the instant case, settle the entire controversy between the parties. The plaintiff had filed his claim with the estate, which had been rejected. He was, therefore, relegated to an action on the civil side of the superior court to establish his claim and in so doing he properly sought to have the court determine the rights as to which he was in doubt under the provisions of the will.

■ In the case now before us the superior court sitting in probate was in a position to settle and determine all of the rights of the parties and it was not necessary for plaintiff to resort to the civil side of the superior court.

For the foregoing reasons the general rule above stated applies to the facts of the present case and the superior court sitting generally was without jurisdiction to entertain the present action.

For the foregoing reasons the judgment is reversed with directions to the trial court to dismiss the action.

Moore, P. J., concurred.