[Civ. No. 17554.  Second Dist., Div. Two.  Mar. 20, 1950.]

MARY B. KEYSTON et al., Appellants, v. D. W. KEYSTON et al., Respondents.

Aides, Fairfield & Schwamb and Joseph W. Fairfield for Appellants.

Don Lake for Respondents.

MOORE, P. J.—By his last will and testament Alfred J. Keyston created a trust estate with appellants as its beneficiaries and respondent D. W. Keyston as its trustee. The terms of the trust were approved by the probate court in the orders settling the final account and directing distribution. The corpus of the estate consists primarily of 1,250 shares of corporate stock valued at $81,250. D. W. Keyston is a stockholder of the corporation and has complete control of its affairs.

The amended complaint alleges that for the past two years the corporation had been operating at a loss; plaintiffs had received nothing from the trust; the corpus was deteriorating in value; unless the corpus of the trust is sold the trust will become depleted and be rendered worthless. A general demurrer to the pleading was "sustained without leave to amend but without prejudice to filing a petition in the probate court for instructions or to construe said trust." Judgment denying relief was entered; hence this appeal.

Appellants insist that they have stated a cause of action in that the beneficiaries have the right to alter the terms in a trust as fixed by the declaration thereof, citing *Adams* v. *Cook*, 15 Cal.2d 352 [101 P.2d 484]. It is true that the cited case declares that a court of equity has the power to change the method of administering a trust estate when it is shown that such a change is necessary to prevent loss or destruction of the corpus. But the trust in the cited case was created by contract and for that reason the decision is not authority in an action involving a testamentary trust. The probate jurisdiction of the superior court is statutory and is strictly limited by the terms conferring such jurisdiction. Section 1120 of the Probate Code is so broad in its scope as to give the probate court jurisdiction of all controversies

which might arise between the trustees and those claiming to be beneficiaries under the trust. (*Estate of Marré,* 18 Cal.2d 184, 187 [114 P.2d 586] ; *Estate of Smead,* 12 Cal.2d 20, 24 [82 P.2d 182] ; *Estate of Smith,* 4 Cal.App.2d 548, 565 [41 P.2d 565].)

In *Wells Fargo Bank & Union Trust Co.* v. *Superior Court,* 32 Cal.2d 1, 5 [193 P.2d 721], it is said that although ''the probate court has broad powers under this section over the acts of the trustee of a trust created by will . . . its jurisdiction over trusts after distribution is limited to trusts created by will. Except for the statute, the superior court, sitting as a probate court, would have no jurisdiction over trusts after the final decree of distribution (*Estate of McLellan,* 8 Cal.2d 49, 55-56 [63 P.2d 1120] ), and the statute provides for such jurisdiction only when the trust has been created by will.''

Appellants contend that because the second count in the amended complaint seeks declaratory relief the court below sitting as a court of equity had jurisdiction, citing Code of Civil Procedure, section 1060, and *Parkman* v. *Superior Court,* 77 Cal.App. 321, 323 [246 P. 334]. In the Parkman case it is said that legal problems after the settlement of the estate must ordinarily be administered in a forum other than the probate court but the cited case was decided in 1925, six years prior to the enactment of section 1120 giving the probate court authority to entertain matters beyond the actual settlement of the estate.

Of course, situations could arise in which the superior court's general equity powers may be invoked to prevent injustice to the beneficiaries of a testamentary trust, yet in view of the holding of *Estate of Marré, supra,* etc., the settlement of such controversy as is here involved should be determined only by the probate court. (*Colden* v. *Costello,* 50 Cal.App.2d 363, 370 [122 P.2d 959] ; *Howard* v. *Bennett,* 53 Cal.App.2d 546 [127 P.2d 1012].)

The judgment is affirmed.

McComb, J., and Wilson, J., concurred.