[Civ. No. 42648. Second Dist., Div. One. June 6, 1974.]

Estate of BERT M. LEWY, Deceased.
JERE ERLE BROWN, as Executrix, etc., Petitioner and Appellant, v.
AGNES PROVENZA OLDHAM, Objector and Respondent.

## COUNSEL

Anderson, Adams & Bacon, George H. Zeutzius and Robert L. Bacon for Petitioner and Appellant.

Joseph L. Graves for Objector and Respondent.

## OPINION

**THOMPSON, J.**—This appeal challenges a ruling of the probate court holding that a proceeding by which respondent sought unsuccessfully to establish that appellant had substituted pages in the document filed by her as the will of Bert M. Lewy was not a contest of will within the meaning of an in terrorem clause in the documents. We affirm the order of the trial court.

Bert M. Lewy (Decedent) died on April 27, 1971. He was survived by four children. Two children of decedent's previously deceased wife, one of whom is respondent, also survived. On May 19, 1971, appellant filed a petition for probate of a will of decedent dated October 20, 1965. That document bequeaths decedent's property to his four children and respondent in equal shares. In paragraph "Fifth," it provides: "Except as hereinabove expressly provided, I am intentionally making no provision in this my will for any other person or persons who may be my heirs-at-law. It is my will and I direct that if any one or more of the beneficiaries under this will, or any person, who, if I died intestate, would be an heir-at-law, shall contest the probate of this will, or otherwise con-

test the validity of this will, I hereby generally and specifically disinherit each, any and all such contesting beneficiaries and persons . . . ."

On June 29, 1971, respondent filed a pleading denominated "Contest of Will Before Probate and Objection to Appointment of Executrix." The document states that pages one and two of the three-page will filed for probate by appellant are typed on different paper and have different margin than the third, signature, page. It alleges on information and belief tampering with the will offered for probate so that pages one and two are not part of the decedent's will "and should be denied probate." Finally, the pleading alleges that appellant is incompetent to act as executrix of the will of October 20, 1965, although named as such on page two of the document. On the same day, respondent filed a petition for probate of a will of decedent dated August 6, 1959. The testamentary scheme in the 1959 instrument is the same as that in the 1965 will. The only substantial difference between the two documents is that appellant is named as sole executrix by the later one while she is named as a co-executrix with Swift P. Lewy in the earlier instrument. Respondent's petition for probate of the 1959 will is accompanied by a renunciation of executorship by Swift P. Lewy, purportedly triggering respondent's right as successor co-executrix with appellant if the 1959 document is treated as the last will of decedent.

On August 4, 1971, the deposition of the lawyer who prepared the 1965 will of decedent was taken. Respondent took appellant's deposition on November 10, 1971. On May 3, 1972, when the matter of respondent's "contest" and petition to disqualify appellant as executrix was called for trial, respondent's counsel was asked by the court: "[Are there] two purported wills?" Respondent's counsel replied: "That is right." Asked by the court: "There is a contest?", respondent's counsel answered: "[There is] a contest." Respondent's counsel then stated that a contest to the 1965 will had been filed but that it was being withdrawn. He retained the objection to the appointment of appellant as executrix. The latter issue was tried and resolved against respondent. Appellant was appointed and qualified as executrix.

On September 13, 1972, appellant filed a "Petition to Determine Interests in the Estate," contending that a proceeding to "contest" the 1965 will and to disqualify the executrix triggered the condition contained in the in terrorem clause of paragraph Fifth so that the legacy to respondent otherwise provided in the instrument was no longer effective. Hearing the matter solely on the basis of documentary evidence in the form of the two purported wills and the file of its earlier proceedings, the

probate court found that the proceeding instituted by respondent "was not an attempt to interfere with decedent's testamentary plan, and . . . not a contest prohibited by the 'no contest' provision of decedent's will." The probate court therefore entered its order determining that respondent's legacy in the will of decedent had not been terminated by operation of the in terrorem clause.

On this appeal from that order, appellant contends: (1) respondent's conduct was a "contest" of the will and within the meaning of the in terrorem clause as a matter of law; and (2) respondent must be deemed to have instituted a contest which forfeited her interest in the estate because she commenced the proceedings in bad faith. The contentions are not supported by the record.

■ To the extent that respondent's actions must be viewed as having been taken in good faith, they must be construed as not encompassed within the conduct described in the in terrorem clause. ■ An in terrorem clause creates a condition upon bequests provided in a will which is enforced in California (see *Estate of Basore,* 19 Cal.App.3d 623, 630 [96 Cal.Rptr. 874], and cases there cited), although not in a majority of common law jurisdictions. (Selvin, *Terror in Probate,* 16 Stan.L.Rev. 355, 356, fn. 4.) The condition must be construed to carry out the intent of the testator. (*Estate of Bergland,* 180 Cal. 629, 633 [182 P. 277, 5 A.L.R. 1363].) ■ In keeping with the general rules of construction of wills, technical terms used in an in terrorem clause of an attorney-prepared will are, absent evidence to the contrary, given their technical meaning. (Selvin, *Terror in Probate, supra,* 16 Stan.L.Rev. at p. 356; but cf. early California decisions exemplified by *Estate of Miller,* 156 Cal. 119 [103 P. 842], the approach of which was abandoned in *Lobb* v. *Brown,* 208 Cal. 476, 484-485, 491-492 [281 P. 1010].) Thus, a reference to "contest" of a will in the clause is deemed to refer to a proceeding raising an issue delineated in Probate Code section 371 (formerly Code Civ. Proc., § 1312), i.e., "Any issue of fact involving the competency of the decedent to make a last will and testament, the freedom of the decedent at the time of the execution of the will from duress, menace, fraud, or undue influence, the due execution and attestation of the will, or any other question substantially affecting the validity of the will . . . ." (Prob. Code, § 371; *Estate of Hite,* 155 Cal. 436, 441 [101 P. 443]; *Estate of Moore,* 180 Cal. 570, 571-575 [182 P. 285]; *Estate of Mathie,* 64 Cal. App.2d 767, 776-777 [149 P.2d 485]; *Estate of Basore, supra,* 19 Cal. App.3d 623, 630.) The catchall phrase, "any other question substantially affecting the validity of the will," is narrowly construed to refer only to proceedings raising issues similar in character to those specifically enu-

merated and to exclude those which do not seek to frustrate the testator's intent. The phrase does not encompass a petition to determine heirship alleging that a will contains gifts to charity excessive and hence void by reason of Probate Code sections 41 and 43. Such a petition is not a "contest" within the meaning of an in terrorem clause. (*Estate of Basore, supra,* 19 Cal.App.3d 623.) Neither is a petition to remove a testamentary trustee (*Estate of Bullock,* 264 Cal.App.2d 197 [70 Cal.Rptr. 239]), a petition seeking an interpretation of a will (*Estate of Vanderhurst,* 171 Cal. 553, 558-559 [154 P. 5]; *Estate of Brisacher,* 27 Cal.App.2d 327, 330 [80 P.2d 1033]), although the interpretation might invalidate some of its provisions (*Estate of Harrison,* 22 Cal.App.2d 28, 40-41 [70 P.2d 522]), or a good faith attempt to probate a purported later will (*Estate of Bergland, supra,* 180 Cal. 629; *Estate of Moore,* 180 Cal. 570, 571-575 [182 P. 285]).

     Here the proceeding initiated by respondent is not a "contest" of a will. The characterization of that proceeding is to be determined by the allegations rather than the caption of the pleading which initiated it. "A proceeding improperly brought under the chapter [of the Probate Code dealing with will contests] . . . will not result in forfeiture . . . ." (Selvin, *Terror in Probate, supra,* 16 Stan.L.Rev. at p. 357, and cases there cited.) Here, while respondent's petition to the probate court was denominated a contest of will, its content establishes that it was not. The petition included two prongs. One, to prevent appellant from serving as executrix for lack of capacity to do so, was not a contest because it did not attack *the validity of the will in any way. (Estate of Blackburn,* 155 Cal.App. 571 [2 P.2d 191].) The other, asserting that the document filed for probate by appellant was an altered copy of decedent's true will, was not a contest because it sought to establish, rather than frustrate, the testator's intent. (Selvin, *Terror in Probate, supra,* 16 Stan.L.Rev. at pp. 358-359.) A contention that pages have been substituted after attestation of a will offered for probate is analogous to the offer of a purported later will, a proceeding specifically held not to constitute a contest if brought in good faith. (*Estate of Bergland, supra,* 180 Cal. 629; *Estate of Moore, supra,* 180 Cal. 570.) If successful, that contention would not have invalidated decedent's will of 1965 despite respondent's simultaneous petition that an earlier will be admitted to probate.[1] Rather, it would have triggered

---

[1]Only by an application of the principle of dependent relevant revocation could the 1959 will have vitality in view of its revocation by the 1965 instrument. No facts triggering that doctrine are alleged in respondent's petitions. Nor do those petitions allege facts establishing that the "true" pages of the 1965 will do not revoke the 1959 instrument.

a proceeding to probate the true 1965 lost or destroyed will of decedent. (Witkin, Summary of Cal. Law (7th ed.) Wills and Probate, § 237, and authority there cited.) The proceeding was thus designed to carry out the intent with which a testamentary instrument was executed.

Thus we conclude that respondent's action does not constitute a "contest" as that term is used in an in terrorem clause of a will. Appellant argues that the wording of the particular clause here, referring both to a person who shall contest the probate of the will or to one who shall "otherwise contest the validity of [the] will" is so broad as to require a contrary result. Compelling precedent dictates rejection of the argument. Language of a clause forfeiting a legacy if the legatee should "oppose or contest the whole or any portion [of the will]" is not applicable to a petition to determine heirship claiming that charitable bequests are excessive and hence invalid pursuant to Probate Code sections 41 and 43. (*Estate of Basore, supra,* 19 Cal.App.3d 623, 630.) An in terrorem clause reading: "If any devisee, legatee or beneficiary . . . shall in any manner whatsoever, either directly or indirectly, oppose, contest or attack this Will . . . or seek to impair, invalidate or set aside any of [its] provisions . . ." is not effective to terminate a bequest to a legatee petitioning to remove the testamentary trustee named in the will. (*Estate of Bullock supra,* 264 Cal.App.2d 197, 198.) A provision in a will that ". . . [S]hould any one or more of the beneficiaries named in this Will object to the distribution as made, or attempt to defeat the provisions of this Will . . ." does not apply where a beneficiary undertakes a good faith attempt to probate a purported later will. (*Estate of Bergland, supra,* 180 Cal. 629, 630.) That decisional law holding broad language of in terrorem clauses inapplicable to the conduct there involved dictates a similar result with respect to the rather narrow clause involved in the case at bench.

■ Alternatively, appellant contends that respondent's action in resisting appellant's appointment as executrix and in seeking to probate the 1959 will while "contesting" the 1965 instrument was in bad faith and hence in violation of the in terrorem provisions of the 1965 will. She correctly argues that California law treats as a "contest," as that term is used in such a provision, conduct undertaken in bad faith which would not have been treated as a "contest" if performed in good faith. (*Estate of Mathie, supra,* 64 Cal.App.2d 767, 778, offer for probate of earlier will after fraudulent destruction of a later one; Selvin, *Terror in Probate, supra,* 16 Stan.L.Rev. at p. 361.) Her contention, however, fails on the facts.

The probate court rejected a finding of fact proposed by appellant to

the effect that respondent's actions were in bad faith and made no finding on the issue, no finding of good faith having been proposed by respondent. On this appeal, appellant does not challenge the lack of a finding.[2] The lack of a finding not having been raised as an issue on appeal, we consider the factual predicate for appellant's contention in the same context as if a finding on the issue had been waived. So considered, the record supports the conclusion of the probate court that respondent was in good faith. At all stages of the proceeding, respondent was represented by counsel and no contention is made that counsel was not provided with the facts known to respondent. Appellant does not contravert the assertion made by respondent that a copy of the 1965 will furnished to her contains two pages of a different paper and different margins than the signature page. Appellant produced no evidence at all of respondent's bad faith when the matter was heard by the probate court.

We thus conclude that the trial court correctly determined that respondent's actions did not constitute a contest of will within the meaning of the in terrorem clause. The judgment (order) is affirmed.

Lillie, Acting P. J., and Hanson, J., concurred.

---

[2]The omission is an intelligent one. In its minute order of intended decision, the probate court referred to respondent's action as a "legitimate inquiry," a presage of its action if the matter were to be remanded to it for a finding.